RODRIGUEZ (UNITED STATES v.). See Cases Nos. 16,181–16,185.

ROE (DUSSERT v.). See Case No. 4,200.

ROE (ROBERTSON v.). See Case No. 11,-927.

---

## Case No. 11,995.

### Ex parte ROELKER.

[1 Spr. 276.][1]

District Court, D. Massachusetts. Dec., 1854.

INTERPRETER—COMPULSORY ATTENDANCE.

1. The court will not compel the attendance of an interpreter, or expert, who has neglected to obey a subpœna, unless in case of necessity.

[Cited in Buchman v. State, 59 Ind. 6. Quoted in Ex parte Dement, 53 Ala. 389.]

2. Semble. That a person may be compelled to attend, as an interpreter, in case no other can be obtained to perform that office.

[Quoted in Ex parte Dement, 53 Ala. 389.]

During a trial, upon an indictment, Hallett, district attorney, stated to the court that he had several witnesses for the government, who spoke only the German language; that a subpœna had been served on Mr. Roelker, as an interpreter, but he had neglected or refused to attend; and he moved for a capias to bring him in.

SPRAGUE, District Judge, said, that a similar question had heretofore arisen as to experts, and he had declined to issue process to arrest, in such cases. When a person has knowledge of any fact pertinent to an issue to be tried, he may be compelled to attend, as a witness. In this, all stand upon equal ground. But to compel a person to attend, merely because he is accomplished in a particular science, art, or profession, would subject the same individual to be called upon, in every cause in which any question in his department of knowledge is to be solved. Thus, the most eminent physician might be compelled, merely for the ordinary witness fees,

[1] [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

to attend from the remotest part of the district, and give his opinion in every trial in which a medical question should arise. This is so unreasonable, that nothing but necessity can justify it. The case of an interpreter is analogous to that of an expert. It is not necessary to say what the court would do, if it appeared that no other interpreter could be obtained, by reasonable effort. Such a case is not made, as the foundation of this motion. It is well known, that there are in Boston many native Germans, and others skilled in both the German and English languages, some of whom it may be presumed might, without difficulty, be induced to attend, for an adequate compensation. Motion denied.