## EX PARTE GRAHAM.

Proceedings to confiscate real estate under the act of July 17th, 1862, entitled " An act to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels," &c., are not " proceedings in admiralty," although the act declares that they " shall be *in rem*, and conform as near as may be to proceedings in admiralty or in revenue cases."

Accordingly, no writ of prohibition from this court to a District Court lies in the case of such proceedings; the writ being confined by the Judiciary Act to cases where the District Courts are proceeding as courts of admiralty.

ON petition for a writ of prohibition to the District Court of the United States for the District of Louisiana.

*Mr. Durant, for the petitioner; Mr. Cushing, contra.*

Mr. Justice SWAYNE stated the case and delivered the opinion of the court.

A rule was granted by this court that the district judge show cause why a writ of prohibition should not issue agreeably to the prayer of the petitioners.

The petition upon which the rule was founded discloses, so far as it is necessary to state them, the following facts:

The United States instituted in the District Court of the United States for the Eastern District of Louisiana, under the act of Congress approved July 17th, 1862, entitled " An act to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes," proceedings in confiscation against sixteen lots of ground, the property of Duncan Kenner. The lots were condemned as forfeited to the United States and ordered to be sold by the marshal. This was accordingly done. Graham and Day became the purchasers of certain portions of the property. They complied with the conditions of the sale and received deeds from the marshal. The court ordered the proceeds of the sale, less the costs, to be paid over to the United States. Subsequently, on the 9th of February,

1869, Kenner, as is alleged for the purpose of clouding the title of the purchasers, and of annoying and harassing them, filed in said court what purports to be a libel of review, wherein he prayed that the decree in confiscation condemning the property and ordering it to be sold, should be reviewed and reversed for errors of law apparent on the face of the record.

On the 29th of November, 1869, for the same purposes as is alleged, he filed, by leave of the court, an amendment to his original libel of review, whereby and by process duly served upon them, Graham and Day were made parties to the proceeding.

In addition to the prayer of the original libel the amendment prays that they should render an account of the rents and profits of the property while in their possession, and that they should be required respectively to pay to Kenner such sums as should be found due to him.

The district judge, it is alleged, holds that the proceeding in confiscation was a proceeding in admiralty, and that it was therefore competent for him to entertain the libel of review and to exercise the jurisdiction which it invoked.

The jurisdiction is denied by the petitioners and a remedy is prayed for by a writ of prohibition.

The district judge has filed an answer to the rule, but the view which we take of the case renders its consideration unnecessary.

Our jurisdiction is specific and limited. It is defined by the Constitution and laws of the United States. We can exercise none but what is conferred by one or the other.

The thirteenth section of the Judiciary Act of 1789* authorizes this court " to issue writs of prohibition to the District Courts when proceeding as courts of admiralty."

The question whether the District Court, in entertaining the libel of review, is proceeding as a court of admiralty, meets us, therefore, at the threshold of the case before us. It is only in such cases that it is competent for this court to

---

* 1 Stat. at Large, 81.

issue the writ.* The seventh section of the act of 1862,†
under which the decree sought to be reviewed was made,
provides that proceedings against the property seized shall
be *in rem*, and "shall conform as nearly as may be to pro-
ceedings in admiralty or in revenue cases." It is too clear
to admit of doubt that the original case was not one in ad-
miralty, and it is equally clear that the proceeding sought
to be prohibited is not within that category.‡

The supplemental case is an elongation of the original
case, and necessarily of the same nature and jurisdictional
character.

These conclusions are fatal to the case of the petitioners.
If the District Court shall err in the proceedings upon the
libel of review, the remedy of the petitioners will be by a
writ of error from the Circuit to the District Court, and, if
need be, finally by a like writ from this court to the Circuit
Court.

The rule is discharged and the.

MOTION DENIED.

---

\* United States *v.* Peters, 3 Dallas, 121; Ex parte Christy, 3 Howard, 292.

† 12 Stat. at Large, 589.

‡ The Union Insurance Co. *v.* United States, 6 Wallace, 759; United
States *v.* Armstrong's Foundry, Ib. 766; United States *v.* Hart, Ib. 770,
The Sarah, 8 Wheaton, 391.