## JOHN WRIGHT

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 27, 1884.*

WITNESS—*professional opinion—whether a professional fee may be re-quired before the witness shall testify.* In an action for an assault and battery, a witness who was a physician, was called to testify in behalf of the plaintiff, on the trial, and stated that he was called to see the plaintiff professionally, after the injury, and described the condition in which he found the patient. The witness was then shown a policeman's "billy," and asked if a blow struck with it on the head, at or near the temple, would or would not be likely to produce upon the person receiving such blow, a condition like or similar to that in which he found the plaintiff. The witness thereupon, without answering the question, made inquiry of the court whether it did not call solely for a professional opinion, and the court answered that it did. Witness then declined to answer until his professional fee of ten dollars should be paid or secured to him, and persisting in his refusal, the court imposed a fine upon the witness, as for a contempt of court. On error, it was *held*, that having already, and without objection on his part, stated the condition of the patient he had visited professionally, the witness could not properly refuse to give his opinion as to the cause of the symptoms he discovered to exist,—and this without a professional fee being paid or secured to him therefor. The opinion sought to be elicited was pertinent to the subject about which he had voluntarily testified.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

This was a proceeding as for a contempt of court, against the plaintiff in error, in refusing to answer a question propounded to him as a witness, during the trial of an action brought by John Finneran, against Henry Henson, for an assault and battery.

The plaintiff in error, being upon the stand as a witness, testified: "My name is John Wright. I reside in Clinton, DeWitt county, Illinois. I am a physician and surgeon,—

a graduate of Chicago Medical College,—and have been en-
gaged in the active practice of medicine and surgery for
twenty years last past.  I was called professionally, on the
8th of November last, to visit the plaintiff, John Finneran.
I found no bruises or signs of violence about him at that
time.  He complained of dizziness, and buzzing in his head
and ears, and was laboring under the hallucination that cer-
tain parties were in pursuit of him, and were seeking to harm
him.  He seemed to be afflicted with mental aberration."
Witness was here shown an instrument or device, commonly
known as a policeman's "billy," composed of strong leather,
sewed together in such manner as to form a handle or hand-
hold at one end, and enlarging into a bulb at the other, and
filled with leaden shot.  Plaintiff, by his counsel, then asked
witness the following question:  "If one person should strike
another a heavy blow on the head, at or near the temple,
with that 'billy,' would it, or would it not, be likely to pro-
duce upon the person receiving such blow, a condition alike
or similar to that in which you found John Finneran?"

Witness:  "I regard that as calling for a professional
opinion, and if so, I claim that I am privileged from answer-
ing the question until my fee of ten dollars is paid or secured
to me; and I would ask the court if that question does not
call solely for a professional opinion.

The court:  "It does.

Witness:  "Then I refuse to answer it, except upon the
conditions I have stated."

The court then asked plaintiff if he was willing to pay or
secure said fee of ten dollars, to which plaintiff replied he
was not, although admitting the fee to be a reasonable charge
for such opinion, but insisting that witness was not entitled
to charge any fee other than the statutory witness fee, and
that he was compellable to answer the question.

The court, to witness:  "The court holds that you can not
legally claim such fee, and refuse to answer because the same

is not paid or secured to you; and the court orders and directs you to answer, to the best of your ability.

Witness: "Believing the court has no right to direct or order me to answer the question without my fee being paid or secured, I still refuse to answer."

The above was all the evidence in said cause, and all the facts and occurrences upon which the action of the court was based. Thereupon the court informed the witness that his refusal to so answer said question was in contempt of said court, and that he stood arraigned before said court for such contempt; and being again asked by said court to answer said question, and the witness still refusing, the court adjudged him guilty of a contempt of said court for such refusal to answer, and sentenced him to pay a fine of five dollars, and costs of the proceeding, for such contempt,—to all which the defendant herein then and there excepted.

Mr. GEO. B. GRAHAM, for the plaintiff in error:

A physician can not be compelled to make an examination, perform an autopsy, or sit in court and give ear to the testimony of other witnesses, in order to be able to give his opinion as an expert, unless his reasonable charges are paid or secured to him. In England, where the question of property rights could not be relied upon as here, the right was recognized by the courts, and finally had the sanction of legislative enactment, wherein every witness was entitled to pay for his time according to his "countenance and calling." *Betts* v. *Clifford,* Warwick Lent Assizes, 1858; *Webb* v. *Page,* 1 Car. & Kir. 25; *Parkinson* v. *Atkinson,* 31 L. J. (N. S.) C. P. 199; *Turner* v. *Turner,* 5 Jur. (N. S.) 839.

In America the discussion of the right of compensation has chiefly been one of property right, and though the decisions of the different courts are not in harmony, the great weight of authority is in favor of and recognizes the right to compensation. *In the matter of Roelker,* Sprague, 276; 13 Abb.

Pr. (N. S.) 207; *Dills* v. *The State*, 59 Ind. 15; *Blythe* v. *The State*, 4 id. 525; *Webb* v. *Baird*, 6 id. 13; Redfield on Wills, 154, 155, note 46; Rogers on Expert Testimony, p. 252, chap. 10.

Mr. WILLIAM BOOTH, for the People:

It has not been decided in any of the English cases cited, that a physician or other person examined as an expert is entitled to be paid for his testimony as for professional opinions. Fees or costs can not be allowed or recovered unless they are given and fixed by statute. *Smith* v. *McLaughlin*, 77 Ill. 596.

That a physician may be compelled to testify without compensation other than his witness fee, see *Ex parte Dement*, 53 Ala. 389; *Summers* v. *The State*, Texas Ct. of App. 374.

To classify witnesses into professional and unprofessional, and compel the unprofessional witnesses to testify as to common facts, and not compel professional witnesses to testify as experts, when the case requires both kinds of knowledge, would be an unjust inconsistency.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the trial of the case of *John Finneran* v. *Henry Henson*, defendant, John Wright, was called as a witness, on behalf of plaintiff. The witness stated that he was a graduate of a medical college, and that he had been engaged in the practice of medicine and surgery for a number of years; that he was called to attend Finneran professionally, and without making any objections to doing so, he stated that he found no bruises or signs of violence about him. He further stated the patient complained of "dizziness, and buzzing in his head and ears, and was laboring under the hallucination certain parties were in pursuit of him, and were seeking to harm him." After having stated this much, witness was shown an instrument commonly known as a policeman's "billy," and was asked if

a blow struck with it would or would not be likely to produce upon the person receiving such blow, a condition alike or similar to that in which he found Finneran. This question the witness refused to answer unless he was first paid or had secured to him a fee of ten dollars, on the ground he said he regarded it as calling for a professional opinion. Having without objection stated the condition of the patient he had visited professionally, the witness could not, under any rule of law, refuse to state what would cause the symptoms he discovered to exist. That was pertinent to the subject about which he had testified voluntarily. This view of the case renders it unnecessary to consider other questions discussed by counsel, and concerning which no opinion will be expressed.

The judgment will be affirmed.

*Judgment affirmed.*