GEORGE H. BARRUS *vs.* ADELARD PHANEUF.

Suffolk.    March 10, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Evidence — Compensation of Expert — Consideration.*

An action to recover extra compensation as an expert may be maintained if there was sufficient consideration to support a promise to pay a reasonable compensation, in addition to the statutory fees, and the jury were warranted in finding a promise to that effect, or a mutual understanding that the plaintiff was to be so paid ; and the right to recover will not be taken away or lost by those acts or omissions of the plaintiff which were merely matters for the consideration of the jury in determining whether any such promise was made, or such understanding existed.

CONTRACT, to recover extra compensation as an expert. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, the nature of which appears in the opinion.

*R. W. Shea*, for the defendant.

*T. M. Wetmore*, for the plaintiff.

ALLEN, J. The jury must have found upon the evidence that the defendant engaged the plaintiff to go into court at a future day, and testify for him as an expert, in regard to a matter which the plaintiff had examined as a civil engineer. From the dates given, it would seem that this engagement was six weeks before the trial. The plaintiff agreed to do this, and

talked over the matter, and went into court and testified, and during the progress of the trial advised the defendant's attorney in regard to the questions to be asked to himself and to the other witnesses.

At some time after he had so agreed to appear and testify, the plaintiff was regularly summoned by the defendant as a witness, and was paid the statutory fees, and made no objection thereto, and made no claim for extra compensation; and it would seem that during his testimony he was not in fact asked any questions which called for his opinions as an expert.

The defendant contends that, if there was an express promise to pay the plaintiff extra compensation, such promise was without consideration; and that the plaintiff did no more than he was legally required to do under his subpœna.

In this Commonwealth, every justice of the peace may issue summonses for witnesses in civil cases. St. 1885, c. 141. This is usually done by the party's attorney, if he is a justice of the peace, or by a justice upon the mere request of a party or of his attorney, without any consideration of the materiality of the evidence or of other circumstances. No doubt here, as in England, the court might interpose to prevent this privilege from being used oppressively. *Raymond* v. *Tapson*, 22 Ch. D. 430. But usually no question arises unless a witness fails to attend, in which case the court may issue a warrant to bring him in. Pub. Sts. c. 169, § 6. The issuing of this warrant is a matter of discretion, and before issuing it the court usually must be satisfied that the testimony is material, and that the failure to attend is without reasonable excuse. We should be slow to admit that the court would be without power to require the attendance of a professional or skilled witness, upon a summons duly served, and with payment of the statutory fees, although he was unacquainted with the facts, and could testify only to opinions; but such power would hardly be exercised unless, in the opinion of the court, it was necessary for the purposes of justice. *In re Roelker*, 1 Sprague, 276. *Webb* v. *Page*, 1 Car. & K. 23. *Parkinson* v. *Atkinson*, 31 L. J. (N. S.) C. P. 199. 1 Whart. Ev. §§ 380–383. Even in such case the court would probably be without the power to compel the witness to make a study of the case beforehand, or to pay attention to the body of

evidence introduced by the parties with a view to forming an opinion thereon. It would seem that one who is summoned as an expert would perform all that the court could require of him if he should hold himself in readiness to be called upon to testify to such opinions as he might have, when his turn should come. *People* v. *Montgomery*, 13 Abb. Pr. (N. S.) 207. *Flinn* v. *Prairie County*, 60 Ark. 204. If a party is content to rest upon his legal rights, and summons the expert whose testimony he wishes to have, and pays the statutory fees, without any previous engagement or understanding with him, and thus takes his chance of being able to get an attachment to bring the witness into court in case he should fail to appear, and if he thus succeeds in getting the testimony which he wishes, and afterwards refuses to pay any special compensation, the question might be directly presented whether the witness would be entitled to recover anything on a *quantum meruit*. That question does not arise here. The questions here are whether there was any sufficient consideration for an express or implied promise to pay, and whether there was sufficient evidence of an engagement by him to testify as an expert, upon request, which might imply a promise by the defendant to pay him as an expert.

Several cases have arisen in different courts where a professional witness has taken the stand without objection, and afterwards has declined to give professional opinions without special compensation, and has been required by the court to answer. Such decisions do not strictly apply to the case before us, because in all such cases the court has judicially determined that the purposes of justice require the testimony of the witness. *Ex parte Dement*, 53 Ala. 389. *Wright* v. *People*, 112 Ill. 540. *State* v. *Teipner*, 36 Minn. 535. In Indiana, however, the court has refused to require such a witness to answer under such circumstances. *Buchman* v. *State*, 59 Ind. 1. *Dills* v. *State*, 59 Ind. 15. In Connecticut, in respect to an ordinary witness, not an expert, the court held that ordinarily an agreement to pay extra fees will not be sustained, but that it might be valid where the witness assumed a duty which the law would not impose on him; and the court added: " If a witness agrees with a party, that he will attend and testify without being summoned, and he is not summoned and so is not brought under

the order or censure of the court, we suppose any reasonable promise for compensation is good and may be enforced; for the proceeding or service is not under nor in pursuance of the statute." *Dodge* v. *Stiles*, 26 Conn. 463, 466, 467. A casual intimation that ordinarily a witness can recover only the fees allowed by law is also found in *Pool* v. *Boston*, 5 Cush. 219, 221.

In the present case, we are of opinion that, upon the facts in evidence, there was sufficient consideration to support a promise to pay a reasonable compensation, in addition to the statutory fees, and that the jury was warranted in finding a promise to that effect, or a mutual understanding that the plaintiff was to be so paid. If such promise was made, or such understanding existed, the plaintiff's right to recover would not be taken away or lost by his omission to claim or demand extra compensation, or to notify the defendant that he should make such claim, or by his acceptance of the statutory fee without objection, or by the omission of the defendant at the trial to put any question to him as an expert witness, and the consequent omission of the plaintiff to testify as an expert. All these were merely matters for the consideration of the jury in determining whether any such promise was made, or such understanding existed.

*Exceptions overruled.*