## BLAIR ENGINEERING CO. v. PAGE STEEL & WIRE CO.

(Circuit Court of Appeals, Third Circuit. February 28, 1923. Rehearing Denied June 13, 1923.)

No. 2909.

1. Contracts ⊜⇒50—Promises on each side to do something furnished valid executory "consideration."

"Consideration" is that which the party to whom a promise is made does or agrees to do in exchange for a promise, and may be concurrent, executed, executory, and continuing, and where there are outstanding promises to do something by both parties to an agreement there was a valid executory consideration.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consideration.]

2. Contracts ⊜⇒10(2)—Agreement to make plans for improvements as desired by owner lacks mutuality.

A contract whereby an engineering company was to furnish necessary plans and specifications for such alterations and additions as the other party might desire to make to its plant imposed no obligation on the other party to make any alterations or additions, so that it was void for lack of mutuality and was unenforceable.

3. Contracts ⊜⇒324(2)—Injured party may sue for breach or for quantum meruit.

On breach of a valid contract the injured party may either sue on the contract for damages he has sustained by reason of the breach, or he may consider the contract terminated by the breach and sue on quantum meruit under an implied contract for its services and expenditures.

4. Work and labor ⊜⇒10—Person performing work on void, but not illegal, contract may recover value.

Though no action may be maintained for breach of a void contract, a person who performs work, renders services, or expends money under an agreement which is void and unenforceable, but not illegal, may recover for the value of his services and money expended in an action on quantum meruit.

5. Work and labor ⊜⇒22—Complaint held to. ask recovery on quantum meruit, not void contract.

A complaint which set forth in detail the provisions of a contract between the parties, which was unenforceable because lacking mutuality, and then alleged that plaintiff performed work and labor and expended money of a stated reasonable value, and prayed for a judgment for that value, was not a complaint seeking recovery on the void contract, but was valid as a complaint on quantum meruit; the recitals of the contract being merely explanatory of why the work was done and the money expended.

6. Work and labor ⊜⇒22—Complaint held not to show plaintiff had been fully paid for services under void contract.

Where a contract unenforceable for lack of mutuality required plaintiff to furnish plans and specifications and superintend the construction of additions to a manufacturing plant for 10 per cent. of the cost of the work, and required defendant to pay $10,000 in advance, and thereafter each month 10 per cent. of the work done during the preceding month, without specifying what portion of the contract price was to be for plans and specifications and what portion for the superintendence, a complaint alleging the completion of the plans and specifications, and the determination of defendant not to proceed with the work, did not, by admitting

·that the required payments had been made up to the date of that determination, show that plaintiff had been paid in full for the services rendered.

Woolley, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by the Blair Engineering Company against the Page Steel & Wire Company. There was a judgment striking out the amended complaint, and complainant brings error. Reversed, with directions.

Welcome W. Bender, of Elizabeth, N. J. (Aaron P. Jetmore and Samuel M. Gardenhire, both of New York City, of counsel), for plaintiff in error.

Hershenstein & Finnerty, of Jersey City, N. J. (Merrill, Rogers & Terry, Charles Thaddeus Terry, and Forrest M. Anderson, all of New York City, of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This writ of error was sued out to review a judgment of the District Court striking out the complaint based on work and labor done and money expended for the defendant. On February 25, 1920, complainant and defendant entered into an agreement wherein the complainant, Blair Engineering Company, agreed to furnish "all the necessary plans and specifications for such alterations and additions as the Page Steel & Wire Company may desire to make in connection with its manufacturing plant at Monessen, Pa.," and to supervise all the work involved in making the alterations and additions. For this work the defendant agreed to pay complainant "an amount equal to 10 per cent. of the work, payable in installments as follows: Ten thousand dollars at the time of signing this agreement, and an amount equal to 10 per cent. of each monthly estimate made by the Blair Engineering Company of the value of the work done by the contractor or contractors during the preceding month," within 10 days from the date of each estimate. After 80 per cent. had been completed, then from the estimated amount due the complainant the defendant was to retain $20,000, $10,000 of which was "to offset the initial payment of $10,000," and the other $10,000 was to be retained until the work was completed by the contractor, but for what specific purpose is not disclosed in the agreement.

The $10,000 was paid on the execution of the agreement. This, together with other payments made by defendant within the next 10 months during which the complainant performed the work and expended the money on which this action is based, amounted to $50,-495.76. The complainant alleged that, immediately after the execution of the agreement, it established a force of engineers and draftsmen at Monessen, Pa., and when it had worked for 10 months, and had practically completed plans and specifications for the alterations and additions to defendant's plant, which involved an estimated cost of $3,630,000, the defendant "failed to go forward with the construction

of the said alterations and additions" to its plant, abandoned them, and directed complainant to discontinue its work on the plans and specifications. The complainant further alleged that it performed work and labor, gave services and expended money to the fair value of $308,000, and brought its action for that amount less $50,495.76 already paid. On motion the complaint was stricken out on the ground that the agreement was not a binding contract because it lacked mutuality and consideration, and on the further ground that complainant had been paid the sums contemplated to be paid for the services rendered.

[1] If the "agreement" be a valid and enforceable contract in other respects, we are of opinion that it was not "void for lack of consideration." Consideration, in the legal sense of the word, is the quid pro quo, that which the party to whom a promise is made does or agrees to do in exchange for a promise. Phœnix Life Insurance Co. v. Raddin, 120 U. S. 183, 197, 7 Sup. Ct. 500, 30 L. Ed. 644. Consideration may be concurrent, executed, executory, and continuing. An executory consideration arises where a promise to do something in the future is given in return for another promise. People v. Suburban R. Co., 178 Ill. 594, 53 N. E. 349, 49 L. R. A. 650; Ransdel v. Moore, 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753; Barrus v. Phaneuf, 166 Mass. 123, 44 N. E. 141, 32 L. R. A. 619. Here there were outstanding promises to do something on both sides, and so there was a valid executory consideration.

[2] Was the contract void for lack of mutuality? Were both parties bound by the contract by definite and precise terms to do definite and specific acts? Alterations and additions to defendant's plant at Monessen, Pa., were contemplated by both parties, but was the defendant obligated under the agreement to make any "alterations and additions" of any kind whatsoever? The agreement provided that the Engineering Company should furnish necessary plans and specifications for "such alterations and additions" as the defendant company "may desire to make" in connection with its manufacturing plant. The agreement imposed no obligation whatever on the defendant to make any alterations and additions of any character. It might or it might not desire so to do. Its undertaking was conditioned by its "desire," present and future. In case it did desire to make alterations and additions, the complainant was to furnish necessary plans and specifications for them and was to be paid a specified price for the plans, specifications, and supervision of the construction in accordance with the plans and specifications. It therefore appears that there was no mutuality in the contract, for one party could not be bound to render service, unless the other is also bound to do something. Dorsey v. Packwood, 53 U. S. (12 How.) 126, 136, 13 L. Ed. 921. We are of opinion that the contract was void for lack of mutuality, and was therefore unenforceable.

[3] But does this fact relieve the defendant from paying complainant for the work and labor performed, services given, and money expended pursuant to the "agreement"? On a breach of a valid contract, the injured party has one of two legal remedies: He may sue

on the contract for damages he has sustained by reason of the breach, or he may consider the contract terminated by the breach and sue on the quantum meruit under an implied contract and recover for his services and the amount expended by him on the contract. Updike et al. v. Ten Broeck, 32 N. J. Law, 105, 117; McElwee v. Bridgeport Land and Improvement Co., 54 Fed. 627, 4 C. C. A. 525; United States v. Behan, 110 U. S. 339, 346, 4 Sup. Ct. 81, 28 L. Ed. 168; Ankeny v. Clark, 148 U. S. 345, 13 Sup. Ct. 617, 37 L. Ed. 475.

[4] But an action may not be founded on a void contract, nor on the breach thereof, for, strictly speaking, it is no contract at all. Elliot on Contracts, § 19. But if a person performs work, renders services, or expends money under an agreement which is void and unenforceable, but not illegal, he may recover for the value of his services and money expended in an action on a quantum meruit. Joseph S. Smith v. Administrators of John S. Smith, 28 N. J. Law, 208, 78 Am. Dec. 49; Buckingham v. Ludlum, 37 N. J. Eq. 137; Kirkpatrick v. McElroy, 41 N. J. Eq. 539, 7 Atl. 647; Clark on Contracts (2d Ed.) 552.

[5] Was the action in this case based on the unenforceable agreement or upon quantum meruit? The complaint contains 13 paragraphs. The first 3 are purely jurisdictional; the next 4 set forth the provisions of the agreement; the following 5, 8 to 12, inclusive, contain a statement of the work done, the final abandonment of the agreement by the defendant and the directions to complainant to discontinue the work. In the thirteenth paragraph complainant says that—

"it performed work and labor and gave services and expended money of the reasonable and fair value of three hundred and eight thousand ($308,000) dollars, upon which there has been paid on account by defendant, the Page Steel & Wire Company, the sum of fifty thousand four hundred and ninety-five dollars and seventy-six cents ($50,495.76), leaving due and now owing to the plaintiff the sum of two hundred and fifty-seven thousand five hundred and four dollars and twenty-four cents ($257,504.24). Wherefore the plaintiff demands judgment against the defendant, the Page Steel & Wire Company, for the sum of two hundred and fifty-seven thousand five hundred and four dollars and twenty-four cents ($257,504.24), together with costs and disbursements herein."

While in the first 12 paragraphs complainant set forth in detail the agreement, alleged that it did the work under it and fully complied with its terms, that defendant breached it, and abandoned its plans to enlarge and extend its plant, it nowhere declared on the agreement, nor asked damages for the breach, but expressly demanded compensation for the reasonable and fair value of the work and labor performed, services given, and money expended—quantum meruit. These 12 paragraphs are recitative, explanatory, and show why the work was done and money expended.

[6] Has the complainant been paid the sums contemplated to be paid for the services rendered? The defendant agreed to pay complainant for its "plans, specifications, and supervision an amount equal to 10 per cent. of the cost of the work"; that is, for such alterations and additions as it might desire to make. Complainant expressly alleged that it had practically completed the plans and specifications when the defendant directed it to discontinue the work, but that it was

unable to supervise any of the work of construction, because defendant "failed to go forward" with it. The agreement does not provide what part of the "10 per cent." was for the plans and specifications, and what part was for the supervision of the construction. There is no statement in the complaint or briefs as to the proportion. No testimony was taken. There is nothing from which it "appears the plaintiff has been paid the sums contemplated by the parties to be paid for the services heretofore rendered," particularly in view of the fact complainant is not declaring on the agreement.

The fair and reasonable value of the work done, services rendered, and money expended by the complainant was for the determination of the jury, under the instruction of the court and evidence in the case. It was therefore error to strike out the complaint.

The judgment is reversed, with directions to the District Court to reinstate the complaint and order the defendant to file an answer.

WOOLLEY, Circuit Judge, dissents.