EUREKA PRODUCTIONS, Inc., v. MULLIGAN.

No. 122.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1940.

Henry Pearlman, of New York City, for appellant.

John T. Cahill, U. S. Atty., of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The action is against a former marshal of the district court for damages caused by his destruction of a motion picture film formerly owned by the plaintiff. There was a trial before a judge without a jury. The judge held the case to be without merit and dismissed the complaint.

The facts are not disputed. The Eureka company imported a motion picture film into the United States. The film after arrival here was seized by the collector of customs on the ground that the play portrayed by it was obscene. The seizure was made under section 305 of the Tariff Act of 1930, 19 U.S.C.A. § 1305, barring importation of obscene pictures and other articles and providing for seizure and institution of suit for confiscation and destruction of alleged offending articles. Shortly after the seizure the United States brought a libel in the district court against the film, charging that the film was obscene and asking for its destruction. The Eureka company appeared as claimant and took issue with the charge of obscenity. The case was tried to a jury. The jury returned a verdict that the film was obscene. In the decree entered on the verdict, the district court adjudged the film forfeited and subject to destruction. The decree was entered on July 5, 1935. On the next day the court issued a writ to the marshal, Mulligan, commanding him to destroy the film. On July 24th the Eureka company filed notice of appeal with the clerk of the district court. It did not, however, file bond or get an order staying the writ of destruction, and a few days later the marshal destroyed the film in obedience to the writ in his hands. The appeal was later dismissed in this court on the ground that the film had already been destroyed.

The Eureka company then brought the present action against the marshal for damages. It says that the taking of the appeal vacated the decree and writ of destruction and made the marshal a trespasser. It concedes that in an action at common law the mere filing of appeal does not vacate or suspend the judgment or the process issued under it. The contention is that in admiralty an appeal does have that effect, and that the suit for condemnation of the film was a suit in admiralty.

Since the seizure took place on land, the suit by the United States to condemn the film for violation of customs law was an action at law rather than a suit in admiralty. In the case of seizures on land, suit for condemnation of the thing seized, though brought in the form of a libel of information in admiralty and governed to some extent by Admiralty Rule 22, 28 U.S.C.A. following section 723, is inevitably an action at law. The Sarah, 8 Wheat. 391, 5 L.Ed. 644; Morris's Cotton, 8 Wall. 507, 19 L.Ed. 481; Confiscation Cases, 20 Wall. 92, 22 L.Ed. 320. The district court in such cases proceeds as a court of common law on the equivalent of an information in rem, its jurisdiction being like that of the old Court of Exchequer in seizures for forfeiture of property to the Crown. 1 Kent's Commentaries, page 375; 3 Blackstone's Commentaries, page 261. The resemblance to a suit in admiralty does not go beyond the process and the initial pleadings, even in cases where the statute providing for confiscation directs that the proceedings shall conform to proceedings in admiralty as near as may be. In re Graham, 10 Wall. 541, 19 L.Ed. 981; 443 Cans of Frozen Egg Product v. United States, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174. It follows that the decree of condemnation and writ of destruction remained in full force, notwithstanding the appeal, and justified the marshal in destroying the film.

The foregoing discussion disposes of the case. We may add that if the suit had been in admiralty, as the plaintiff urges, the appeal would not have vacated the decree of the district court. Dobson v. United States, 2 Cir., 31 F.2d 288.

Affirmed.