## BOYNTON v. R. J. REYNOLDS TOBACCO CO.

### No. 672.

District Court, D. Massachusetts.

Jan. 21, 1941.

Gordon D. Boynton, of Boston, Mass., pro se.

Harry B. White, of Boston, Mass., for defendant.

594

McLELLAN, District Judge.

This motion involves the power of the court to direct an expert to express a relevant opinion already formed and the propriety of the exercise of such power under the circumstances hereafter stated.

This is an action under the Massachusetts statute to recover damages for the death of the plaintiff's intestate in consequence of a motor vehicle accident. Before the instant motion was filed, the defendant had given notice under Federal Rules of Civil Procedure, Rule 30, 28 U.S.C.A. following section 723c, that a deposition would be taken of Dr. Louis Feldman, a physician who had been employed by the plaintiff as an expert. On October 21, 1940, I denied the plaintiff's motion that the deposition be not taken, and added that "its denial is not to be understood as a precedent upon the question whether an expert witness of one of the parties should be compelled to express his professional opinion in connection with a deposition taken by the other party." D.C., 1 F.R.D. 452.

Later an arrangement was made for taking Dr. Feldman's deposition, in the course of which the plaintiff, an attorney at law, advised the physician that he need not answer any questions calling for an expert opinion unless paid therefor. The doctor accordingly refused to answer such questions.

The defendant moves: (1) That this court should order the said Louis Feldman to answer to the deposition, giving his opinion as required, without the defendant being forced to pay him any fee as an expert. (2) That the plaintiff be ordered to desist from advising the said Dr. Feldman not to answer the deposition or in any way interfering with the said Dr. Feldman's answering to the said deposition.

The motion came on for hearing yesterday afternoon, when it appeared that Dr. Feldman had not treated the plaintiff's intestate, but that his opinion had been sought by and furnished to the plaintiff as to the causal connection between the alleged accident and death. The court's power to compel a witness to express his professional opinion without compensation therefor has received a considerable amount of judicial discussion. On the one hand, it is stated: "There is a distinction between the case of a man who sees a fact and is called upon to prove it in a court of justice, and that of a man who is selected by a party to give his opinion on a matter with which he is peculiarly conversant from the nature of his employment in life. The former is bound as a matter of public duty to speak to a fact which happens to have fallen within his knowledge; without such testimony the course of justice must be stopped. The latter is under no such obligation." Maule, J. in Webb v. Page, 1 C. & K. 23. Criticizing this statement by Maule, J., and a similar statement in Buchman v. State, 59 Ind. 1, 13, 26 Am.Rep. 75, as "specious only", Mr. Wigmore cites cases indicating that the expert should be or may be compelled to express his opinion without being tendered an expert fee. See Wigmore on Evidence, 2d Ed., Vol. 4, Sec. 2203. Although there are authorities which seem to indicate that the court has no power to compel an expert witness to express an opinion already formed, it seems to me the better rule, and the one sustained by the weight of authority, that while the court has no power to compel the witness to educate himself, the court does have the power to compel him to state an opinion already formed.

In view of Rule 43 of the Federal Rules of Civil Procedure, providing that "All evidence shall be admitted which is admissible * * * under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States Court is held," reference is now made to the Massachusetts authorities upon the question presented by this motion. In Barrus v. Phaneuf, 166 Mass. 123, 44 N.E. 141, 32 L.R.A. 619, supporting a promise by the defendant to pay the plaintiff an expert fee as based upon a sufficient consideration, though the plaintiff was served with a summons and paid the statutory fees, the court took occasion to say: "In this commonwealth, every justice of the peace may issue summonses for witnesses in civil cases. St.1885, c. 141. This is usually done by the party's attorney, if he is a justice of the peace, or by a justice upon the mere request of a party or of his attorney, without any consideration of the materiality of the evidence or of other circumstances. No doubt here, as in England, the court might interpose to prevent this privilege from being used oppressively. Raymond v. Tapson, 22 Ch.D. 430. But usually no question arises unless a witness fails to attend, in which case the court may issue a warrant to bring him in. Pub.St.C. 169, § 6. The issuing of this warrant is a matter of discretion, and

before issuing it the court usually must be satisfied that the testimony is material, and that the failure to attend is without reasonable excuse. We should be slow to admit that the court would be without power to require the attendance of a professional or skilled witness, upon a summons duly served, and with payment of the statutory fees, although he was unacquainted with the facts, and could testify only to opinions; but such power would hardly be exercised unless, in the opinion of the court, it was necessary for the purposes of justice. Ex parte Roelker, Fed.Cas.No.11995, 1 Sprague, 276. Webb v. Page, 1 Car. & K. 23. Parkinson v. Atkinson, 31 L.J. [N.S.] C.P. 199. [1] Whart.Ev. §§ 380–383. Even in such case the court would probably be without the power to compel the witness to make a study of the case beforehand, or to pay attention to the body of evidence introduced by the parties with a view to forming an opinion thereon. It would seem that one who is summoned as an expert would perform all that the court could require of him if he should hold himself in readiness to be called upon to testify to such opinions as he might have when his turn should come. People v. Montgomery, 13 Abb.Prac. (N.S.) [N.Y.] 207. Flinn v. Prairie County, 60 Ark. 204, 29 S.W. 459 [27 L.R.A. 669, 46 Am.St.Rep. 168]. If a party is content to rest upon his legal rights and to summons the expert whose testimony he wishes to have, and pays the statutory fees, without any previous engagement or understanding with him, and thus takes his chance of being able to get an attachment to bring the witness into court in case he should fail to appear, and if he thus succeeds in getting the testimony which he wishes, and afterwards refuses to pay any special compensation, the question might be directly presented whether the witness would be entitled to recover anything on a quantum meruit. That question does not arise here."

And Stevens v. Worcester, 196 Mass. 45, 56, 81 N.E. 907, also indicates that the court has the power to require a witness to express an opinion if he has one, and cannot be compelled to study the case or perform labor in order to qualify himself to express an opinion.

Other authorities as to the court's power in the premises are collected in Pennsylvania Co. for Insurances v. Philadelphia, 262 Pa. 439, 105 A. 630, 2 A.L.R. 1573 et seq. See, also, Swope v. State, 145 Kan. 928, 67 P.2d 416, where the Supreme Court of Kansas holds that an expert witness who, when directed by the court to answer, refuses to do so for the reason that he has not been paid, may properly be adjudged in contempt. But more than the mere existence of the court's power to direct an expert witness to testify is involved in the instant motion. The extent to which the power should be exercised ought to be, and I think it is, largely within the discretion of the trial judge. In a proper case he may decline to order the witness to testify unless compensation is tendered, and such tender having been made, order the witness to express an expert opinion already formed.

But there are cases where the tender of compensation should have no such effect. An expert employed by one of the parties ought not to be compelled to furnish expert testimony to the other just because the latter offers him compensation. It is his privilege, if not his duty, to refuse compensation from one of the parties when he has already accepted employment from the other, and such refusal ought not of itself to result in his being ordered to testify.

To recapitulate, the court has the power, in the exercise of its discretion, to allow this motion or to deny it. Such is the view indicated in Barrus v. Phaneuf, supra. And to me it seems that as a discretionary matter, under the circumstances of the instant case, the defendant should not be permitted to obtain from an expert witness an opinion for which the plaintiff has to pay. Nothing here said is intended as an intimation that if the defendant had tendered a fee to the witness, who had declined it, any different result would have been reached.

The defendant's motion that the witness be ordered to give his opinion and that the plaintiff be ordered to desist from advising against giving it is denied.