**UNITED STATES v. 720 BOTTLES LABELED 2 FL. OZ. * * * PLANTATION PURE VANILLA EXTRACT, etc.**

Misc. No. 504.

District Court, E. D. New York.

May 13, 1944.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of Brooklyn, N. Y., and Irvin Goldstein, Asst. Atty. Gen., of counsel), for libelant.

Louis Halle, of New York City, for intervenor Plantation Extract Corporation.

BYERS, District Judge.

Motion by the United States of America, as libelant, to vacate a notice of the taking of the oral deposition of employees of the Federal Security Agency, Food and Drug Administration, and for the production of books and records by them.

This is a proceeding under the Federal Food, Drug, and Cosmetic Act of June 25, 1938, 21 U.S.C.A. § 301 et seq., seizure having been made under Section 334 because the subject matter, namely, vanilla extract, is alleged to have been adulterated and misbranded.

The motion is made upon the theory that the proceeding, being deemed to be in Admiralty, is not governed by the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c, pursuant to which the notice of the taking of the depositions was given.

The statute says (Section 334 (b) in part): "The article shall be liable to seizure

by process pursuant to the libel, and the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty; except that on demand of either party any issue of fact joined in any such case shall be tried by jury."

Since the discovery sought by the claimant is a matter of procedure, it becomes apparent that the first and most important question is whether the Federal Rules of Civil Procedure govern a proceeding under this statute. Rule 81 applies, and paragraph (2) makes it clear that the Federal Rules govern appeals only, "except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity: * * * forfeiture of property for violation of a statute of the United States."

The note appended by the Committee touching this subdivision is as follows: "For examples of statutes which are preserved by paragraph (2) see: * * * Title 21, § 14 (Pure Food and Drug Act—condemnation of adulterated or misbranded Food; procedure)."

■ The foregoing is understood to mean that, in the opinion of the Committee, the Federal Rules of Civil Procedure were not thought to apply to proceedings under the Pure Food and Drug Act; while that opinion is not to be extended beyond its proper scope, it constitutes a comment on the part of the best informed body, on the subject of the scope of the Federal Rules—namely, the Committee which formulated them—and, as such, cannot be treated otherwise than with great respect.

There is no present difficulty in disposing of this motion on the theory that discovery as sanctioned by the Federal Rules of Civil Procedure would not be appropriate to this case, because that which is sought to be elicited from the government witnesses doubtless consists of expert testimony on the part of chemists who have made analyses of samples of the commodity which has been seized, and it does not seem that such analyses and the conclusions based thereon constitute the kind of evidence that one party should be required to disclose to his adversary in ordinary litigation.

It is quite true that in most civil causes the Federal Rules intend one litigant shall be able to secure the help of his adversary in developing his own side of the case, but that customarily has to do with the facts as observed by witnesses to a given occurrence or transaction; it does not apply to matters of expert testimony such as scientific data prepared by engineers. See Lewis v. United Air Lines, etc., D.C., 32 F.Supp. 21.

It is true that the latter case dealt with relief which was sought under Rule 30(b), while the pending motion is upon the theory that no discovery whatever under the Federal Rules is proper in this proceeding.

■ The decision of the motion is that, since the framers of the Rules were of the opinion that they did not apply to such proceedings, this Court should adopt that view, in the absence of compelling reason to the contrary.

One reason for believing that there is none such, is that, even if the foregoing view is mistaken, the government would still be in a position to urge that the expert testimony of its chemists should not be available to the claimant, under the guise of discovery.

Four Hundred and Forty-Three Cans, etc., v. United States, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174, is not thought to point to a contrary result.

Motion granted. Settle order.