UNITED STATES v. 88 CASES, ETC., OF
BIRELEY'S ORANGE BEVERAGE.
Civil Action No. 4711.

District Court, D. New Jersey.
Sept. 11, 1946.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., and Charles D. Hyman, Asst. U. S. Atty., of Atlantic City, N. J. (Lawrence E. Bobker, Atty., Federal Security Agency, of New York City, of counsel), for libelant.

Starr, Summerill & Lloyd, by Frank T. Lloyd, all of Camden, N. J. (Lester E. Waterbury and Mark C. Candee, both of New York City, of counsel), for claimant.

MADDEN, District Judge.

This is a motion by the United States of America, as libelant, to vacate a notice of the taking of oral deposition of Dr. Paul B. Dunbar, Commissioner of Food and Drugs—or such other officer, agent, employee or representative as he may designate—pursuant to Rules 26, 28, 30, 32 and 37 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

This is a proceeding under the Federal Food, Drug, and Cosmetic Act of June 25, 1938, 21 U.S.C.A. § 301 et seq., seizure having been made under Section 334, because the subject matter, namely, an uncarbonated beverage is alleged to have been adulterated and misbranded.

The motion by the Government is made upon two grounds. First: That the proceeding being upon a libel is a proceeding in Admiralty and is therefor not governed

by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, pursuant to which the notice of the taking of depositions was given. And, second: That if the Federal Rules of Civil Procedure do apply, discovery would not be appropriate in this particular case. ·

It therefore follows that a study must be made to determine the first question, and if this is decided in favor of the libelant, there is no need of passing to the second question.

The particular section of the Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq. namely, section 334(b), provides among other things:

"The article shall be liable to seizure by process pursuant to the libel, *and the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty;* except that on demand of either party any issue of fact joined in any such case shall be tried by jury."

Since the notice sought to be dismissed is brought under the Federal Rules of Civil Procedure, it becomes necessary to determine whether such rules apply. Rule 81 says:

"(1) These rules do not apply to proceedings in admiralty."

Paragraph (2) of Rule 81(a) says:

"In the following proceedings appeals are governed by these rules, *but they are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions* at law or suits in equity: admission to citizenship, habeas corpus, quo warranto *and forfeiture of property for violation of a statute of the United States."*

The footnote concerning this provision of the Rule adds this:

"For examples of statutes which are preserved by paragraph (2) see: * * * Title 21, § 14 (Pure Food and Drug Act—condemnation of adulterated or misbranded Food; procedure)."

So that if these statutes and rules were all that the court had to guide it in its disposition of the motion, its way would seem clear. However, the rules were adopted in 1939 and we must look to the decisions since their adoption and even prior thereto for further enlightenment.

In interpreting the statute in question, we must look to the entire statute and not to the single phrase "and the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty."

In 1932, Justice Butler, speaking for the Supreme Court in the matter of D. Ginsberg & Sons, Inc., v. Popkin, 285 U.S. 204, 52 S.Ct. 322, 323, 76 L.Ed. 704, said:

"General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment. United States v. Chase, 135 U.S. 255, 260, 10 S.Ct. 756, 34 L.Ed. 117. Specific terms prevail over the general in the same or another statute which otherwise might be controlling. Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114, 1 Ann.Cas. 655; In re Hassenbusch, (C.C.A.) 108 F. 35, 38; United States ·v. Peters, 6 Cir., 166 F. 613, 615. The construction contended for would violate the cardinal rule that, if possible, effect shall be given to every clause and part of a statute. Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782; Ex parte Public National Bank, 278 U.S. 101, 104, 49 S.Ct. 43, 73 L.Ed. 202."

And in Jones v. York County, 47 F.2d 837, 839, Judge Gardner, speaking for the Eighth Circuit, said:

"It is a recognized rule of construction or interpretation that the legislative intent is to be deduced from a view of the whole and every part of the statute taken and compared together, and, if possible, this act should be so construed as to render it a consistent and harmonious whole, and that construction should be favored which will render every provision operative, rather than one which would make some of its provisions idle or nugatory."

In 1912, the Supreme Court had before it, the question of interpreting this very phrase in the then Food and Drug Act, in

the matter of 443 Cans of Frozen Egg Products v. United States, 226 U.S. 172, 180, 33 S.Ct. 50, 52, 57 L.Ed. 174, and there Mr. Justice Day said:

"A statute, practically the same, with some slight changes, was embodied in § 563 of the Revised Statutes, subdivision 8 [28 U.S.C.A. § 41(3)], giving the district courts jurisdiction 'of all civil causes of admiralty and maritime jurisdiction * * * and of all seizures on land and on waters not within admiralty and maritime jurisdiction,' the subdivision mentioned omitting the provision found in the section of the judiciary act of 1789, to which we have referred, as to seizures 'within their respective districts,' and including case of 'seizures on land and on waters not within admiralty and maritime jurisdiction.' *Under this statute it has been uniformly held that the District Court, as to seizures on land, proceeds as a court of common law, with trial by jury, and not as a court of admiralty.*"

In the present matter the seizure is a seizure on land and well recognized as such.

The counsel for the government strenuously urges for consideration the case of United States v. 720 Bottles, D.C., 3 F.R.D. 466. This case is identical with the present case and there District Judge Byers held that the Admiralty Rules applied and sustained the government's motion.

However, the Second Circuit has felt otherwise, in other cases, for in the matter of Eureka Productions, Inc., v. Mulligan, 108 F.2d 760, 761, Judge Patterson said:

"(1, 2) Since the seizure took place on land, the suit by the United States to condemn the film for violation of customs law was an action at law rather than a suit in admiralty. In the case of seizures on land, suit for condemnation of the thing seized, though brought in the form of a libel of information in admiralty and governed to some extent by Admiralty Rule 22, 28 U.S.C.A. following section 723, is inevitably an action at law. The Sarah, 8 Wheat. 391, 5 L.Ed. 644; In re Morris' Cotton, 8 Wall. 507, 19 L.Ed. 481; In re Confiscation Cases, 20 Wall. 92, 22 L.Ed. 320. The district court in such cases proceeds as a court of common law on the equivalent of an informa-

tion in rem, its jurisdiction being like that of the old Court of Exchequer in seizures for forfeiture of property to the Crown. 1 Kent's Commentaries, page 375; 3 Blackstone's Commentaries, page 261.

*"The resemblance to a suit in admiralty does not go beyond the process and the initial pleadings, even in cases where the statute providing for confiscation directs that the proceedings shall conform to proceedings in admiralty as near as may be.* In re Graham, 10 Wall. 541, 19 L.Ed. 981; 443 Cans of Frozen Egg Product v. United States, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174. It follows that the decree of condemnation and writ of destruction remained in full force, notwithstanding the appeal, and justified the marshal in destroying the film."

And the Supreme Court reiterated its position as stated in the 443 Cans of Frozen Egg Product case as recently as 1943 when our late Chief Justice Stone, in the case of C. J. Hendry Co. v. Moore, 318 U.S. 133, at page 153, 63 S.Ct. 499, at page 510, 87 L.Ed. 663, said:

"The Court has never held or said that the admiralty jurisdiction in a forfeiture case is exclusive, and it has repeatedly declared that, in cases of forfeiture of articles seized on land for violation of federal statutes, the district courts proceed as courts of common law according to the course of the Exchequer on informations in rem with trial by jury."

Likewise, in the Sixth Circuit, June, 1943, Judge Martin, in the case of United States v. 935 Cases, More or Less, Each Containing 6 No. 10 Cans Tomato Puree, 136 F.2d 523, 525, 526, said:

"Recognition that proceedings under the provisions of Section 10 of the Pure Food Act of June 30, 1906, 34 Stat. 768, 21 U.S.C.A. § 14, where this procedure was originally prescribed by Congress, shall be by libel in rem and shall conform as nearly as may be to proceedings in admiralty was given by the Supreme Court in Four Hundred and Forty-Three Cans of Frozen Egg Product v. United States, 226 U.S. 172, 178, 182, 183, 33 S.Ct. 50, 57 L.Ed. 174. *It was commented there that the provision of the Act giving to either party the*

*right to demand a jury trial of issues of fact was inserted with a view to removing any question as to the constitutionality of the Act, and that it was not intended to liken the proceedings to those in admiralty beyond seizure of the property by process in rem."*

And as recently as December, 1945, the Fifth Circuit passed on the matter in the case of Reynal v. United States, 153 F.2d 929, 931, and Judge Hutcheson said:

"We agree with the government that, except as to filing the libel and obtaining jurisdiction, admiralty procedure does not apply. A forfeiture proceeding after these preliminaries takes the character of a law action, and under Rule 81(a), (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is now governed by those rules. Therefore, appellant may not invoke Admiralty Rule 39 for setting aside a default."

█ So that I must overlook the opinion by District Judge Byers in the matter of United States v. 720 Bottles, supra, even though it is directly on point and hold that the present proceeding, while commencing as a libel under the Admiralty Rules, nevertheless, is a seizure upon land and at this stage of the proceedings the Federal Rules of Civil Procedure apply.

It therefor becomes necessary to consider the second grounds urged in support of the government's motion, namely: Is discovery appropriate in this case?

The libel filed by the government is, for the purpose of this motion, full and complete in informing the claimant how the seized article is adulterated and misbranded. Paragraph III of the libel alleges:

" * * * that the said article is adulterated * * * in that yellow coal tar dyes have been mixed therewith so as to make the said food look like a product composed entirely or in large part a fresh orange juice and thus better and of greater value than it is."

Paragraph IV alleges:

" * * * that it consists of a mixture of a small quantity of concentrated citrus juice or juices and water, to which have been added additional water, in excess of that contained in the fresh juices from which the concentrates were made, sugar, lactic acid and orange oil, which substances so added to the said food increases the bulk thereof and gives it the taste and odor of an orange juice or of a beverage containing a large quantity of an orange juice, thereby making the said food appear better and of greater value than it is."

It is therefore quite apparent that discovery is not needed to inform the claimant what the government alleges and it is likewise apparent that what is sought by an examination of the government's chemists doubtless consists of expert testimony or opinions on the part of the chemists who have made analysis of samples of the commodity which has been seized. Therefore, is discovery appropriate?

In the case of Lewis et al. v. United Air Line Transportation Corporation et al., D. C.W.D.Pa., 32 F.Supp. 21, 23, Judge McVicar said:

"To permit a party by deposition to examine an expert of the opposite party before trial, to whom the latter has obligated himself to pay a considerable sum of money, would be equivalent to taking another's property without making any compensation therefor. To permit parties to examine the expert witnesses of the other party in land condemnation and patent actions, where the evidence nearly all comes from expert witnesses, would cause confusion and probably would violate that provision of Rule 1 which provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' "

And in Boynton v. R. J. Reynolds Tobacco Co., D.C.Mass., 36 F.Supp. 593, 595, Judge McLellan, speaking of examining expert witnesses, said:

"But there are cases where the tender of compensation should have no such effect. An expert employed by one of the parties ought not to be compelled to furnish expert testimony to the other just because the latter offers him compensation. It is his privilege, if not his duty, to refuse compensation from one of the parties when he has already accepted employment from the other, and such refusal ought not of itself to result in his being ordered to testify.

"To recapitulate, the court has the power, in the exercise of its discretion, to allow this motion or to deny it. Such is the view indicated in Barrus v. Phaneuf, supra, 166 Mass. 123, 44 N.E. 141, 32 L.R.A. 619. And to me it seems that as a discretionary matter, under the circumstances of the instant case, the defendant should not be permitted to obtain from an expert witness an opinion for which the plaintiff has to pay. Nothing here said is intended as an intimation that if the defendant had tendered a fee to the witness, who had declined it, any different result would have been reached."

I therefore feel that an analysis and the conclusion based thereon constitute the kind of evidence that the government should not be required to disclose to the claimant in this type of litigation.

The motion to vacate claimant's notice to examine party is, according to the views expressed herein, granted.