**UNITED STATES of America**

v.

**2,001.10 ACRES OF LAND, MORE OR LESS, Situate IN TROUP COUNTY, STATE OF GEORGIA, and Lura Frances Johnson, et al.**

**Civ. A. No. 855.**

United States District Court
N. D. Georgia,
Newnan Division.
June 3, 1969.

———◆———

Slaton Clemmons, Atlanta, Ga., for plaintiffs.

Ketzky & Hipp, LaGrange, Ga., for defendant.

ALBERT J. HENDERSON, Jr., District Judge.

### ORDER

The question before the court is whether the discovery of the opinion of experts will be allowed in a land condemnation case. The court will require answers to more of the interrogatories propounded to plaintiff, the United States, not at this time, but at a time ten days before the trial of the case, for reasons set out below.

To say that the only issue in a land condemnation case is the value to be paid for the taking, is an over-simplification. In a very real sense, many issues are presented for decision by the jury. For example, the highest and best use of the land, and the existence of and value of comparable properties in the same area are issues presented by the interrogatories served by defendants, H. C. Darden and Loeb C. Ketzky. The government has moved for a protective order, making various allegations, to-wit, irrelevance, that defendant is seeking to invade its trial preparation, that a list of witnesses to be used on the trial is sought, that the defendants have an equal opportunity to obtain the information sought, that the conclusions of experts are sought to be discovered and that such conclusions are an improper object of discovery, that in reality defendants seek to evade the provisions of Fed.R.Civ.P. 34 by obtaining production of documents through interrogatories, and that the interrogatories seek to establish an improper measure of value for just compensation for the land taken.

Generally, discovery of expert opinion has not been allowed in land condemnation cases. The leading cases are Boynton v. R. J. Reynolds Tobacco Co., 36 F. Supp. 593 (D.Mass.1941), and Lewis v. United Air Lines Transport Corp., 32 F.Supp. 21 (W.D.Pa.1940). See also Hickey v. United States, 18 F.R.D. 88 (E.D.Pa.1952); United States v. Certain Acres of Land, 18 F.R.D. 98 (M.D. Ga.1955); United States v. 7,534.04 Acres of Land, 18 F.R.D. 146 (N.D.Ga. 1954); United States v. 6.82 Acres of Land, 18 F.R.D. 195 (D.N.Mex.1955). The rule is stated by Professor Moore:

> The court should not ordinarily permit one party to examine an expert engaged by the adverse party, or to inspect reports prepared by such expert, in the absence of a showing that the facts or the information sought are necessary for the moving party's preparation for trial and cannot be obtained by the moving party's independent investigation or research.

4 J. Moore, Fed.Practice ¶ 2624, at 1531. The Committee on Rules of Practice and Procedure of the Judicial Conference of the United States has substantially

adopted Moore's statement of the rule as a proposed amendment to Fed.R.Civ.P. 30(b). 43 F.R.D. 211, 225, 233–235 (1967). But the advisory committee's proposed amendment goes further and establishes a procedure which in addition to the procedure proposed in Rule 30(b) (4) (A), *i. e.* providing discovery purely to prevent unfairness by reason of economic inequality or information solely in possession of discoveree, etc., provides for discovery for purposes of cross examination testimony and for other purposes, but at a time at which the discovering party will be prevented from relying on such discovery testimony for his own evidence:

(B) As an alternative or in addition to obtaining discovery under subdivision (b) (4) (A) of this rule, a party by means of interrogatory may require any other party (i) to identify each person whom the other party expects to call as an expert witness in trial, and (ii) to state the subject matter on which the expert is expected to testify. Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter. Discovery of the expert's opinions and the grounds therefor is restricted to those previously given or those to be given on direct examination at trial.

(C) The court may require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery, and, with respect to discovery permitted under subdivision (b) (4) (A) of this rule, require a party to pay another party a fair portion of the fees and expenses incurred by the latter party in obtaining facts and opinions from the expert. 43 F.R.D. at 225–226.

By way of explanation of the proposed amendment, the notes provide:

Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. A party must as a practical matter, prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts. Discovery is limited to opinions previously given by the expert or to be given by him on direct examination at trial. The court has ample power to regulate the time and scope of discovery, and to curb any abuses that appear. If, for example, an expert's written report affords the opposing party an adequate basis on which to prepare its cross-examination and rebuttal, the court may prohibit a deposition. * * * The court has power to order fees paid to the expert for time spent in discovery. 43 F.R.D. at 235.

In connection with the above proposal, the court notes with interest the following statement from the brief of the Assistant United States Attorney, Mr. Slaton Clemmons:

It has always been the practice in this district, after completion of trial preparation, to exchange amply in advance of trial, any documentary evidence or exhibits to be offered in evidence; comparable sales to be relied upon; and the contentions as to highest and best use. Thereafter a stipulation as to the facts agreed upon with reference to the foregoing is filed with the court. Included therein is a statement of any points of disagreements as to highest and best use; the comparability of sales to be used; and specific exhibits or documents; and, also, any particular points of view pertaining to the admissibility of evidence which are anticipated. This stipulation is confirmed by the court, with directions as to time of filing of objections to any factual matter not agreed upon, with citation of authority; reserving, of course, the right of objection at the time of trial; and the number of expert witnesses to be allowed.

On the other hand, defendants, who have the burden of proof in this case,

advance a rule of discovery substantially similar to that expressed in United States v. Meyer, 398 F.2d 66, 76 (9th Cir. 1968). The Meyer case generally stands for unlimited discovery, like that available in other civil cases, to be also applied to condemnation cases. With regard to the advisory committee policy that discovery of expert opinion from those not to be used as witnesses at the trial will be disallowed, in the absence of "unfairness", because one party can then benefit unduly from the other party's diligence, the Meyer court called this an "intolerable" situation. In contrast to all of the authority cited above, it stated that discovery of expert opinion should be allowed, regardless of whether the witness was or was not to be used at the trial.

Considering the authorities before the court, it is the opinion of the court that it must follow a middle course in this case, considering, on the one hand, the defendants' burden of proving the value of the land in the case, and, on the other hand, the interest of the Federal Rules in refining the issues in order to obtain a speedy determination at the trial. Absent a showing of hardship, or "unfairness", neither of which the defendants allege here, the defendants must make their own investigation and prepare their own case. But the court sees no reason why, after this has been accomplished, that defendants and plaintiff cannot exchange information, and thereby accomplish the limited discovery purpose of providing an opportunity to prepare rebuttal on cross examination at the trial. Therefore, the court accepts the proffer of the Assistant United States Attorney, as quoted above, and hereby orders that the motion for a protective order be granted, at least until the time of the pre-trial conference in this case, to be determined at a later date.

In connection with the pre-trial conference, each of the parties will be ordered to submit to its opponent plats, aerial photographs, maps, drawings and pictures, or other documentary evidence or physical exhibits expected to be used on the trial, at least ten days before trial. Also to be exchanged will be the written report of appraisers whom the parties expect to call as witnesses on the trial, but not the written report of any persons not to be called on the trial. Also in connection with the pre-trial conference the court will designate other information such as comparable properties and sales thereof expected to be used by expert witnesses on either side, and any other information sought by defendants in the interrogatories which they have propounded to the plaintiff. Proposed objections to any of the items exchanged between the parties will be summarized to the court at least five days prior to the trial.

Therefore, the motion for a protective order is granted, and the plaintiff is relieved from answering defendants' interrogatories until the time of the pre-trial conference, at or before which time the court shall rule on the interrogatories individually, and incorporate in its pre-trial order a further discovery order.