### UNITED STATES v. TWO OBSCENE BOOKS.

No. 25449.

United States District Court
N. D. California, S. D.

Sept. 17, 1951.

Chauncey Tramutolo, U. S. Atty., Reynold H. Colvin, Asst. U. S. Atty., San Francisco, Cal., for libelant.

George Olshausen, San Francisco, Cal., for claimant.

GOODMAN, District Judge.

The question presented in this case is whether or not two books authored by one Henry Miller and entitled "Tropic of Cancer" and "Tropic of Capricorn" should be excluded from the United States pursuant to Section 305 of the Tariff Act of 1930, 19 U.S.C.A. § 1305, which prohibits the importation into the United States, inter alia, of obscene books.

The two books in question were seized in the Port and Collection District of San Francisco by the Collector of Customs pursuant to 19 U.S.C.A. § 1305.

The United States filed a libel of information charging that the two books were imported into the United States in violation of the statute and prayed for their forfeiture and destruction. An answer to the libel was filed by one Ernest Besig, Director of the American Civil Liberties Union of Northern California, as Claimant. He prayed for the return of the books to him. Thus there is raised the issue whether the books are obscene.

After issue, the Claimant moved for a commission to issue to take the depositions of nineteen alleged literary critics throughout the United States and foreign countries. The two books were stipulated to be appended to the motion and to be considered by the Court in determining the motion.

The Court denied the motion upon the ground that the issuance of the commission was unnecessary inasmuch as obscenity, being a question of fact, could be determined by reading the books. U. S. v. Two Obscene Books, D.C.1950, 92 F.Supp. 934.

Upon the trial of the case [1] the two books were offered and received in evidence. As well, the Claimant submitted eighteen published reviews of the works of Henry Miller and fifteen letters and two affidavits of critics giving their opinion as to the two books. The United States submitted a book review and a letter from a University Professor of English Literature.

I adhere to the view expressed in 92 F.Supp. 934, supra, that, since obscenity is a question of fact to be determined by the Court, or jury under appropriate instructions, opinions of so-called experts or critics are immaterial. Nevertheless the Court has given consideration to the book reviews and statements of the critics.

I find and conclude that "Tropic of Cancer" and "Tropic of Capricorn" are

1. A jury trial was waived.

obscene. The prayer of libelant must therefore be granted.

There has been considerable judicial writing not only since the effective date of the Tariff Act of 1930 but also in connection with proceedings under 18 U.S.C.A. § 1461, formerly 18 U.S.C.A. § 334, having to do with mailing of obscene matter, concerning the standards by which obscenity is to be determined. In the Federal field in modern times, starting with Judge Woolsey's famous opinion in United States v. One Book Called "Ulysses," D.C.S.D.N.Y. 1933, 5 F.Supp. 182, there have been a number of decisions on the subject.[2]

There is a tendency, as indicated in the decisions of the Court of Appeals of the 2nd Circuit and the District of Columbia, (footnote 2), to "liberalize" the definition of obscenity as it has come to us from the English Courts.[3]

The Claimant here, as well as some of the critics and reviewers who speak in his behalf, have presented a species of "confession and avoidance" defense of Henry Miller. The many long filthy descriptions of sexual experiences, practices and organs are of themselves admitted to be lewd. They are sought to be justified by the claim that the books as a whole have an artistic pattern, into which the obscene and scatological portions fit as part of a whole literary mosaic. But I must conclude that this is mere sophistry. The filthy scatological portions are written in a bluntly different and distinct style from the pretentious metaphysical reflective manner of writing otherwise. Thus the conclusion is justified that either the alleged literary ability of the author deserted him or that he had his eye on "the box office."

It may be that the modern trend towards frankness in sexual matters has influenced the viewpoint of claimant and the critics who espouse the cause of Miller. Certainly, the theatre, the moving pictures, other similar media and Mr. Kinsey [4] may have affected our attitude as to such matters. It is sufficient to say, however, that the many obscene passages in the books have such an evil stench that to include them here in footnotes [5] would make this opinion pornographic. For example, there are several passages where the female sexual organ and its function are described and referred to in such detailed vulgar language as to create nausea in the reader. If this be importable literature, then the dignity of the human person and the stability of the family unit, which are the cornerstones of our system of society, are lost to us.

Our circuit has approved the simple standard that obscenity has "the meaning of that which is offensive to chastity and modesty. * * * that form of indecency which is calculated to promote the general corruption of morals. The true test * * * is whether its language has a tendency to deprave or corrupt the morals of those whose minds are open to such influences and into whose hands it may fall by allowing or implanting in such minds obscene, lewd, or lascivious thoughts or desires." Burstein v. U. S., 9 Cir., 1950, 178 F.2d 665, 667. Burstein followed Magon v. U. S., 9 Cir., 1918, 248 F. 201; Duncan v. U. S., 9 Cir., 1931, 48 F.2d 128 and Rosen v. U. S., 1896, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606. Applying this standard, there can be no other conclusion than that the "Tropics" are obscene.

2. Some of these are: U. S. v. Dennett, 2 Cir., 1930, 39 F.2d 564, 76 A.L.R. 1092; U. S. v. One book Entitled "Ulysses" 2 Cir., 1934, 72 F.2d 705; U. S. v. Levine, 2 Cir., 1936, 83 F.2d 156; Parmelee v. U. S., 1940, 72 App.D.C. 203, 113 F.2d 729. (In Parmelee, supra, the Court, in footnotes, voluminously compiled citations from cases, articles and books on the subject of obscenity. Associate Justice Vinson, now Chief Justice of the United States Supreme Court, dissented.)

Walker v. Popenoe, 1945, 80 U.S.App. D.C. 129, 149 F.2d 511; Burstein v. U. S., 9 Cir., 1950, 178 F.2d 665.

3. See Regina v. Hicklin, L.R., 3 Q.B. 360 (1868).

4. Kinsey, Sexual Behavior of the Human Male.

5. See Dissenting opinion of Judge Manton in U. S. v. One Book Entitled "Ulysses", 2 Cir., 1934, 72 F.2d 705 at page 709.

It is contended by claimant that "Tropic of Capricorn" must be treated differently because it "has considerably less both of sexual episodes and of vernacular expletives with sexual references." These episodes or passages are stated to constitute about 13% of the total number of pages in the book. This, it is asserted, is an insufficient quantity upon which to base a finding of obscenity. The Court must reject any such quantitative test. It is akin to the excuse of Midshipman Easy's servant-girl [6] that her illegitimate child was "such a little one."

Counsel will present findings and decree in accordance with the views here expressed.

---

6. Captain Marryat; Midshipman Easy.