# Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee, *v.* Philadelphia, Appellant.

*Witness—Expert—Compelling witness to testify as an expert.*

1. A witness cannot be compelled to testify as an expert, at the behest of a private litigant.

*Constitutional law—Special legislation—"Fixing interest rates" —Act of June 1, 1915, P. L. 685.*

2. The Act of June 1, 1915, P. L. 685, violates Article III, Section 7, of the Constitution, which forbids special legislation "fixing the rate of interest."

3. An act of assembly can be sustained, on the ground of classification, only where it embraces all the members of the class as to which the alleged distinction exists, and none others.

*Eminent domain—Damages—Credits—Income—Use and occupation.*

4. Where a property is taken under the power of eminent domain, and the owner is in possession thereof after the date from which damages for delay are claimed, he must allow as a credit on such damages the net income received therefrom, or, if occupied by him, the net rental value thereof.

Argued Oct. 7, 1918. Appeal, No. 66, Jan. T., 1919, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1916, No. 4939, for plaintiff in case of The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee under the will of Mary J. Miles, deceased, v. City of Philadelphia. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Reversed.

Appeal from award of viewers assessing damages for taking of property in opening up a street. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $483,854.67 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were sustaining objections to witness testifying as expert; and the charge of the court, applying the Interest Act of June 1, 1915, P. L. 685.

*Glenn C. Mead,* Assistant City Solicitor, with him *John P. Connelly,* City Solicitor, for appellant.

*Maurice Bower Saul,* of *Prichard, Saul, Bayard & Evans,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, October 23, 1918:

Plaintiff recovered a verdict and judgment for the value of its property taken under the right of eminent

domain. The property is situated within the lines of the improvement referred to in our opinion in Philadelphia Parkway, 250 Pa. 257. Defendant appeals.

At the trial defendant called two real estate men as expert witnesses. They were objected to on the ground that they had been previously employed by plaintiff in relation to the same matter, had made reports to plaintiff, and had not been released from that employment. On being examined preliminarily, they testified that they had been subpoenaed by the city, but objected to testifying for her because of their employment by and report to plaintiff, from which employment they had not been released. It appeared from the offers of proof that the reason plaintiff had not called them, and why defendant wished to do so, was because their estimates of damage were below that fixed by plaintiff's other witnesses, and were more nearly in accord with the damages as testified to by defendant's witnesses. The court below sustained the objection "on the ground that the witness still maintains a confidential relation" with plaintiff.

We think it unnecessary to decide whether or not the reason for sustaining the objection is a sound one, in view of the fact that the witnesses themselves objected to being required to testify as experts. The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge; but no private litigant has a right to ask them to go beyond that. The State or the United States may call upon her citizens to testify as experts in matters affecting the common weal, but that is because of the duty which the citizen owes to his government, and is an exercise of its sovereign power. So, also, where the State or the United States, in her sovereign capacity, charges the citizen with crime, she may, if need be, lend her power in that regard to the accused, for she is vitally interested, as such sovereign, that public justice shall be vindicated within her borders. Perhaps, under like circumstances, she may also lend her power in civil cases.

But the private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things. In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained. If it be true, as suggested at the argument, that one or both of the witnesses was under some obligation to the city in this matter, such witness would be liable for his breach of contract, as in other cases. The 1st, 2d, 3d and 4th assignments of error are overruled.

The fifth assignment alleges error in charging the jury as follows: "In addition to that the plaintiff would be entitled under the Act of June 1, 1915, P. L. 685, to six per cent. interest upon that value from 1906 to the present time." This act (P. L. 685) provides "That in all cases where private property is taken, injured or destroyed by municipal corporations invested with the privilege of taking private property for public use, the damages caused by such taking, injury or destruction shall bear interest, at the rate of six per centum per annum, from the date of such taking, injury or destruction thereof."

Defendant alleges that said act is unconstitutional for several reasons, only one of which need be considered. Art. III, Sec. 7, of the Constitution of the State, provides that "the general assembly shall not pass any local or special law......fixing the rate of interest." That the Act of 1915 is special follows from the fact that it applies to municipalities only, and not to all public and quasi-public corporations invested with the power of eminent domain. That it fixes the rate of interest, quoad property taken, injured or destroyed by municipalities, is evident from the reading of it.

Plaintiff, however, in answer to this conclusion, invokes the right of the legislature to classify the subjects of legislation, and to legislate for each class separately, wheresoever real distinctions exist between the classes; and points to the fact that municipalities have the right

to plot streets over private property, without then taking it, and if thereafter they do take it, they will be liable only for the improvements which were on it at the time of the plotting. Unquestionably that is a real distinction between municipalities, in the matter of plotting streets, and other corporations invested with the power of eminent domain. Unhappily for plaintiff, however, the distinction is not made by the Act of 1915. It applies to municipalities taking land for all purposes, not merely for the location of streets; and it applies not to the location, but only "from the date of the taking, injury or destruction," a matter necessarily applicable in every case of eminent domain. We must hold, therefore, the alleged distinction is not a real one, the above-quoted provision of the Constitution applies, and the act is unconstitutional.

It is not necessary to consider the other assignments of error, but in order to prevent an abuse of our decisions, particularly that in the Parkway Case, supra, we deem it wise to add a further word in regard to the damages allowable for delay. Damages mean just what the word implies, and no more. If, therefore, they are claimed from a time during all or a portion of which plaintiff is actually deriving an income from the property, the damages he would otherwise be entitled to receive must necessarily be reduced by the amount of the net income, as of the date that net income was received. Under like circumstances, if plaintiff occupies the property, the damages must be reduced by the amount of the net rental value thereof during such period.

The fifth assignment of error is sustained, the judgment is reversed, and a venire facias de novo awarded.