## Cohen *v.* Continental Casualty Company, Appellant.

*Trials—Witnesses—Compensation.*

A witness who is duly subpoenaed and is not called is entitled to the statutory witness fee.

Where there was no evidence that the witness was summoned to testify as an expert, the mere fact that he is a physician does not raise any presumption that he is subpoenaed for examination in that capacity.   Every capable person may be called by due process to testify in a legal proceeding, and the presumption is that he is so summoned to testify with respect to facts in the case within his personal knowledge.

In such case he is entitled to the compensation allowed witnesses generally.   A different rule applies where a witness is called to testify as an expert, on knowledge acquired for that purpose to be used in a civil case, or where he is called to give testimony on hypothetical questions propounded to him.   With respect to such knowledge a private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things.   In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained.

In the absence of evidence that the plaintiff was subpoenaed to testify as an expert, he is not in a position to claim other recompense for his attendance as a witness than any other person.   It is a reasonable presumption that he was called to testify to some facts relating to the case within his knowledge and that he could be called to give as an ordinary witness.

Submitted November 9, 1926.   Appeal No. 286, October T., 1926, by defendant from judgment of Municipal Court, Philadelphia County, May T., 1924, No. 840, in the case of A. J. Cohen v. Continental Casualty Company.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Modified.

Assumpsit for witness fees.   Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of twenty-five dollars and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*E. Ellsworth Keeley,* and with him *John V. Horan* and *W. W. Smithers,* for appellants.—There was no evidence upon which a court could base an opinion as to the qualifications of the witness as an expert: Ramschasel's Estate, 24 Pa. Superior Ct. 262; Wayne County v. Waller, 90 Pa. 99; Commonwealth v. Buccieri, 153 Pa. 570; Penna. Co. for Ins. on Lives, etc., v. Philadelphia, 262 Pa. 439.

*David S. Malis,* for appellee: cited Clark v. Neshannock Stone Company, 41 Pa. Superior Ct. 35; Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647; Commonwealth v. Cochran et al., 14 D. R. 805.

OPINION BY HENDERSON, J., December 10, 1926:

The plaintiff recovered a judgment in the Municipal Court on a claim for fees as a witness in a civil action there pending.   He was in attendance at the time stated in the subpoena but was not called to testify, the case having been settled.   He valued his service for the day at $50 but judgment was entered for $25

because of the fact that he had previously sent a bill to the defendant for the latter amount. The objection to the claim is that it is in excess of the amount allowed by statute to a witness and there is no fact in the case requiring the payment of a larger sum. Plaintiff is a physician and was regularly served with a subpoena to testify in the case. He does not allege that he was summoned to testify as an expert and our examination of the evidence does not disclose any fact from which a presumption arises that he was subpoenaed for examination in that capacity. Every capable person may be called by due process to testify in a legal proceeding and the presumption is that he is so summoned to testify with respect to facts in the case within his personal knowledge. For such service he is only entitled to the compensation allowed to witnesses generally. A different rule applies where a witness is called to testify as an expert on knowledge acquired for that purpose to be used in a civil case or where he is called to give evidence on hypothetical questions propounded to him. With respect to such knowledge it was said in Pennsylvania Company &c. v. Philadelphia, 262 Pa. 442, a "private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things. In each case it is a matter of bargain which, as ever, it takes two to make and to make unconstrained." The plaintiff testified that the server of the subpoena told him he would be taken care of for his service but that nothing was said as to the nature of the testimony expected of him. In the absence of evidence that the plaintiff was subpoenaed to testify as an expert he is not in a position to claim other recompense for his attendance as a witness than any other person. It is a reasonable presumption that he was called to testify to some facts relating to the case within his knowledge and that he could be called

to give as an ordinary witness.   The subject is discussed in Ramschasel's Estate, 24 Pa. Superior Ct. 262, which supports our conclusion that the evidence does not sustain the plaintiff's claim for a special fee as an expert witness.

The Act of July 11, 1923, P. L. 1046, fixes the pay of witnesses at $2 per diem and the plaintiff is entitled to payment for one day at that rate.   The judgment is, therefore, modified and is now entered for $2 with costs.