## Williams v. South Hills Health System

*Clyde T. MacVay*, for plaintiffs.
*Steven Wyckoff*, for defendant.

WETTICK, *J.,* December 29, 1981—This is a medical malpractice action in which plaintiffs, Mr. and Mrs. Gary Williams, allege that employees of defendant hospital were negligent in failing to take cervical x-rays of Mrs. Williams while she was being treated at defendant's emergency room.

In the course of their discovery, plaintiffs deposed Dr. Joseph R. Rudolph who is presently the physician in charge of emergency services at the hospital but who was not an employee of the hospital at the time of the alleged malpractice. During this deposition, plaintiffs propounded a number of questions which called for the doctor to express medical opinions on the basis of his expertise in emergency care procedures. Dr. Rudolph refused to answer these questions on the grounds that he was not being asked to testify to facts within his personal knowledge but rather to convey opinions based on his medical study and experience. Plaintiffs now motion this court to compel Dr. Rudolph to answer these questions.

Dr. Rudolph neither has been retained nor specially employed by defendant for trial purposes and, therefore, falls within the ambit of Pa.R.C.P. 4001(c) relating to the discovery of ordinary witnesses and not Pa.R.C.P. 4003.5(a)(3) relating to the discovery of expert testimony.

" . . . [Rule 4003.5(a)(3)] applies only to experts 'retained or specially employed.' A regular employee of a party who may have collected facts, prepared reports, and rendered opinions, and who

may be qualified as an expert, is not covered by this subsection and has no immunity from discovery, simply because the party elects not to call him at trial. He is not an 'expert' within the meaning of the Rule; he is simply a witness, an employee of a party." Goodrich-Amram 2d §4003.5(a)(3), p. 131-2.

It is the doctor's contention, however, that he cannot be forced to testify against his will because of a constitutional and common law privilege against the compulsion of expert testimony.[1] Thus, the issue before this court is whether Pennsylvania recognizes a privilege for experts by which they need not give expert testimony against their will.

A review of the appellate case law reveals that Pennsylvania does adhere to the position that an expert generally cannot be compelled to give expert testimony in a civil case.[2] In Pennsylvania Co. for Insurance on Loans and Granting Annuities v. City of Philadelphia, 262 Pa. 439, 441, 105 Atl. 630 (1918), where the trial court did not permit defendant to call two real estate persons as expert witnesses who were employed by plaintiff and objected

1. There is no merit to the claim that the Constitution provides an absolute protection against the compulsion of expert testimony. See Kaufman v. Edelstein, 539 F. 2d 811 (2nd Cir., 1976). And because we find a qualified common law privilege protecting experts, we need not decide whether a qualified privilege is constitutionally mandated.

2. Plaintiffs argue that since Pennsylvania's amended procedural rules governing discovery are modeled after the Federal Rules, we should follow Federal precedent which holds that expert testimony is discoverable, citing Kaufman v. Edelstein, 539 F. 2d 811(2nd Cir., 1976). Even assuming that this case stands for such a proposition, we cannot agree with plaintiffs. Privilege is a matter of state, not Federal law. And Pa.R.C.P. 4011(c) prohibits discovery covering privileged matter.

to testifying for defendant, the Supreme Court stated:

"We think it unnecessary to decide whether or not the reason for sustaining the objection is a sound one, in view of the fact that the witnesses themselves objected to being required to testify as experts. The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge; but no private litigant has a right to ask them to go beyond that. The State or the United States may call upon her citizens to testify as experts in matters affecting the Commonwealth, but that is because of the duty which the citizen owes to his government, and is an exercise of its sovereign power. Also, where the State or the United States in her sovereign capacity charges the citizens with crime, she may, if need be, lend her power in that regard to the accused, for she is vitally interested, as such sovereign, that public justice shall be vindicated within her borders. Perhaps, under like circumstances, she may also lend her powers in civil cases. But the private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things. In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unconstrained . . . "

See, also, Evans v. Otis Elevator Co., 403 Pa. 13, 168 A. 2d 573 (1961).

Although the justification offered in Pennsylvania Co. for Insurance on Loans and Granting Annuities v. City of Philadelphia, supra, for protecting the expert witness in private litigation may be questioned, we believe that the court's position is still sound. While the majority of jurisdictions require experts to render professional opinions

against their will when they can do so without a study of the facts or other preparation, these states are in accord with Pennsylvania in that generally they limit the requirement to criminal proceedings or matters affecting the common welfare. There is almost no case law compelling a witness unacquainted with the cause of action to testify to his or her opinions involuntarily. See Annotation, 77 A.L.R. 2d 1182 (1961) and cases cited therein.

In the present action, Dr. Rudolph is being asked to state his opinions on activities relating to emergency care procedures, which are the subject of the litigation. However, Dr. Rudolph was not an employee of the hospital at the time of the alleged nonfeasance and, therefore, is in fact a stranger to this litigation. Thus, his situation differs substantially from that of an expert who is being called to testify because of his or her knowledge of the occurrence as is the case with an ordinary witness who is being called because of perceptions gained through some involvement with the cause of action.

Consequently, to compel Dr. Rudolph to set forth his opinions when he was not in any way connected with the cause of action would impose an undue and unfair burden on experts because they may then be subject to frequent calls to testify. An ordinary witness is summoned to court only infrequently to devote a small amount of time to a particular case. The hardship imposed on his or her livelihood is, therefore, minimal. The law should not establish harsher requirements for experts and thereby possibly hinder them from practicing their professions for their own benefit.

We realize that there may be instances where an inquiring party is unable to find a comparable witness who is willing to testify or where a particular

witness is somehow unique in his or her area of expertise. On these occasions in which the inquiring party shows that there is no practical way to secure comparable expert opinion by other means, it is likely that a court will compel the expert testimony which the inquiring party seeks. See, e.g., Pa.R.C.P. 4003.5(3) and Explanatory Notes—1978 to this rule. However, we need not decide this issue because plaintiffs have made no showing that comparable expert testimony is unavailable. In this case, we rule only that an expert witness who has no knowledge of any relevant facts will not be compelled to give expert testimony where the parties seeking this testimony have made no showing that comparable expert testimony cannot be obtained by other means.

For these reasons, we enter the following

### ORDER

On this December 29, 1981, it is hereby ordered that plaintiffs' motion to compel discovery is denied.