## Makara v. Peguero

*Wayne R. Spivey*, for plaintiff.
*John J. Aponick Jr.*, for defendants.

HOURIGAN, *P.J.*, November 11, 1988 — This matter is before the court on plaintiff's motion to compel the deposition of Alberto Peguero, M.D.[1]

---

1. According to defendant's brief, this title is somewhat of a misnomer, as the issue presently before the court arose during the course of Dr. Peguero's deposition, during which he, through his attorney, refused to respond to certain questions which would have required Dr. Peguero to express his expert opinion as a physician.

## HISTORY AND FACTS

Filed on January 18, 1988, plaintiff's complaint alleges that defendants failed to diagnose plaintiff's decedent for cardiac failure and/or impending myocardial infarction on June 8, 1987. Plaintiff alleges that after examining plaintiff's decedent, Dr. Peguero diagnosed a possible peptic ulcer, and plaintiff's decedent left the premises of Urgent Care Medical Center Inc. Shortly thereafter, plaintiff's decedent was taken by ambulance to Hazleton General Hospital as a result of cardiac arrest.

On May 20, 1988, the deposition of Dr. Peguero was taken; however, he was instructed by his counsel not to answer certain questions which were "expert in nature." On July 18, 1988, plaintiff filed the motion to compel which is presently before this court for disposition.

## DISCUSSION AND LAW

In support of her position, plaintiff relies on *Neal By Neal v. Lu*, 365 Pa. Super. 464, 530 A.2d 103 (1987). Plaintiffs/appellants in this medical malpractice action challenged the lower court's denial of their motions for new trial and for judgment n.o.v. The initial issue raised in *Neal* charges that error was committed by the trial court when it permitted appellee/defendant-physician to provide expert testimony in his behalf, on the basis that Dr. Lu failed during discovery to list himself as one of the experts that the defense expected to call at trial. The *Neal* court reviewed Pa. R.C.P. 4003.5(a) and its explanatory note[2] and held that Dr. Lu's testimony was properly allowed.

2. The explanatory note appended to rule 4003.5 provides: "It should be emphasized that rule 4003.5 is not applicable to discovery and deposition procedure where a defendant is

In its discussion of rule 4003.5(a), the *Neal* court observed the following:

"As the Civil Procedural Rules Committee here suggests, the litigant can probe the expert knowledge and opinions of his or her opponent before trial by more direct and comprehensive means than those which are afforded by rule 4003.5. The ability to discover the potential expert testimony of a party witness, either by propounding written interrogatories or by taking oral or written depositions, is fettered only by the general limitations that apply to all discovery. Since the recission of rule 4011(f) in 1978, the party witness against whom discovery is sought can no longer object on the ground that requested disclosure would require him or her 'to give an opinion as an expert witness.' "[3] (quotation marks in original) *Neal* at 471, 530 A.2d at 107.

In support of his position, defendant relies on *Pennsylvania Co. for Ins. on L&GA v. Philadelphia,* 262 Pa. 439, 105 Atl. 630 (1918). This case concerns an appeal from an award of viewers assessing damages for the taking of property under eminent domain. At trial, defendant/appellant called "two real estate men" as expert witnesses; plaintiff/appellee objected to their testimony be-

himself an expert, such as a physician, architect or other professional person, and the alleged improper exercise of his professional skills is involved in the action. Such a defendant can be examined by written interrogatories under rule 4005 or by oral deposition under rule 4007.1. If so examined, a defendant cannot assert that his opinion may not be discovered without his consent."

3. Rule 4011(f) had provided that "[n]o discovery or inspection shall be permitted which . . . would require a deponent, whether or not a party, to given an opinion as an expert witness, over his objection."

cause of their prior relationship with plaintiff/appellee. *Pennsylvania Co.* opined as follows:

"We think it unnecessary to decide whether or not the reason for sustaining the objection is a sound one, in view. of the fact that the *witnesses themselves objected to being required to testify as experts.* The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge; but no private litigant has a right to ask them to go beyond that . . . But the private litigant has no more right to compel a citizen to give up the product of his brain, than he has to compel the giving up of material things." *Pennsylvania Co.* at 441-2, 105 Atl. at 630. (emphasis supplied) We find the circumstances of *Pennsylvania Co.* to be readily distinguishable from the present case, insofar as it deals with non-party experts. See also, *Richardson v. LaBuz,* 81 Pa. Commw. 436, 474 A.2d 1181 (1984).

In *Pennsylvania Co.,* that court determined that non-party experts could not be made to testify as experts over their objections. In *Neal, supra,* as well as in the present case, the issue deals with an "expert litigant" and his discoverable expert opinion, pertinent to his professional skills and the subject incident which forms the basis for plaintiff's cause of action. Accordingly, plaintiff's motion to compel is granted.


## ORDER

It is hereby ordered that plaintiff's motion to compel the deposition of defendant Alberto Peguero, M.D. is granted; this deposition shall be restricted to the subject matter objected to by defense counsel at the original deposition.