WETTICK, J.,
This is a claim filed in the arbitration division of this court for first-party benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law (75 Pa.C.S. §1701 et. seq.).
*242 Plaintiff, a passenger in a PAT bus, was allegedly injured when the bus collided with a truck. In her complaint, plaintiff sued to recover unpaid medical bills of $3,315 owed to Newman Chiropractic Center for treatment provided for injuries sustained from the accident. In its answer to plaintiff’s complaint, defendant alleges that the treatment was unnecessary and that the charges of Newman Chiropractic Center were excessive and unreasonable.
Plaintiff’s counsel provided to defendant a written notice of counsel’s intention to offer into evidence at the arbitration hearing a September 19, 1988 report of Dr. Gerald Newman and a billing statement of Newman Chiropractic Center. This is permitted by Pa.R.C.P. 1305(b) which provides that with at least 20 days’ written notice, a party may offer in evidence, without further proof, the bills, records, and reports of health care providers. This rule further provides that any other party may subpoena the person whose testimony is waived by this rule to appear at the hearing for cross-examination.
Dr. Newman’s report describes plaintiff’s physical condition, the treatment that he provided, and the reasons for the treatment. The report also includes his opinion that plaintiff received the injuries for which he provided treatment from the bus accident. The billing statement of Newman Chiropractic Center sets forth the dates of each office visit, the procedures that were administered, and the fees for the procedures. According to the statement, plaintiff has made no payments for the services that were rendered, and the outstanding balance is $3,315 (which is the amount claimed in plaintiff’s complaint).
After receiving Dr. Newman’s report and the billing statement of Newman Chiropractic Center, *243 defendant’s counsel subpoenaed Dr. Newman to testify at the arbitration hearing.[1] By a letter dated January 19, 1990, Dr. Newman advised defendant’s counsel that he would not comply with the subpoena unless he was paid his customary witness fee of $750. Defendant then filed (1) a petition to enforce subpoena requesting this court to compel Dr. Newman to attend the arbitration hearing upon payment of a witness fee of $5 per day and travel expenses of seven cents per mile and (2) a motion in limine requesting this court to prohibit plaintiff from introducing the reports of Dr. Newman and the billing statement of Newman Chiropractic Center if Dr. Newman failed to honor the subpoena.
I
We initially consider defendant’s petition to enforce its subpoena.[2]
The amount of compensation and expenses that shall be paid to a witness served with a subpoena to testify at a court proceeding is governed by 42 Pa.C.S. §5903. Subsection (b) provides for every witness to be paid at a rate of $5 per day and subsection (c) provides for every witness to be paid travel expenses of. seven cents per mile. Defendant *244 contends that Dr. Newman has a duty to appear provided that he is tendered the statutory witness fees which any fact witness is entitled to receive. Dr. Newman has no right to demand payment of an additional expert witness fee as a condition for his appearance.[3]
Dr. Newman contends that he should not be compelled to testify without receiving an expert witness fee because subsection (a)(1) of 42 Pa.C.S. §5903 states that the provisions of this section do not affect “(1) The right of a witness who gives expert testimony to receive additional per diem compensation therefor.” Dr. Newman further contends that in response to a petition to enforce a subpoena a court has the authority to make any order which justice requires to protect a person from unreasonable burden or expense.
Defendant seeks to avoid subsection 5903(a)(1) by contending that it is calling Dr. Newman as a fact witness rather than as an expert witness. In this case, Dr. Newman is being called as a “medical” witness. He is a fact witness because the testimony that he would offer is based solely on personal knowledge. But he is also an expert witness because he is offering his facts and opinions as an expert — he would not be permitted to testify as to the matters in the report if he were not qualified as an expert. Thus, the issue is whether the' provisions of 42 Pa.C.S. §5903(a)(l) recognizing the right of a witness “who gives expert testimony” to receive an expert fee is restricted to witnesses who are called to give evidence on hypothetical questions propounded to them or whether it encompasses any witnesses who must be qualified as experts in order *245 to provide testimony.[4] For several reasons, we conclude that this provision protects any person who is offering testimony as an expert.
First, this provision would be unnecessary if it applied only to experts giving their views on hypothetical questions. Since at least 1918, Pennsylvania has recognized a privilege which protects experts who have no personal knowledge of the factual issues of the lawsuit from testifying in private civil litigation against their will. See Pennsylvania Co. for Insurances on Lives and Granting Annuities v. City of Philadelphia, 262 Pa. 439, 105 Atl. 630 (1918); Evans v. Otis Elevator Co., 403 Pa. 13, 168 A.2d 573 (1961); Williams v. South Hills Health System, 24 D.&C. 3d 206 (1981). Thus, the expert giving opinions based on hypothetical questions does not need legislation protecting his or her right to a witness fee — he or she can simply invoke the privilege if the party who seeks the testimony has not paid the fee which the expert witness requests.
Second, where the issue is the witness’s right to compensation as opposed to the witness’s right to refuse to testify, there is no reason to distinguish between the expert with personal knowledge and the expert without personal knowledge because he or she provided professional services in anticipation of receiving reasonable compensation for the time expended on the matter. When this witness must spend additional time on the matter by serving as a *246 witness in court proceedings, he or she is inconvenienced to the same extent as the expert without personal knowledge who is asked to give an opinion as an expert.
Third, expert witnesses with personal knowledge acquired by providing professional services, unlike witnesses who happened to observe the incident that caused the injuries, will be subject to frequent requests to testify because they are rendering services in connection with matters for which litigation is anticipated. Consequently, the burdens that the legal system would impose upon them are unfair if they do not receive reasonable compensation for their time.
We recognize that Rule 4003.5 of the Pennsylvania Rules of Civil Procedure governing discovery protects from discovery facts known and opinions held by an expert acquired or developed in anticipation of litigation or for trial. This rule does not bar discovery of an expert who provided professional services for any other purpose. But this distinction is not related to the issue of an expert witness’s right to compensation. Rule 4003.5 bars discovery from the specially retained expert in order that parties will be encouraged to seek the opinions of responsible experts (who may disagree with the parties’ positions) and in order to encourage responsible persons to serve as experts by minimizing the burdens that the litigation will place upon them. Rule 4003.5 does not provide protections to other expert witnesses simply because they are outside the scope of the purpose of the rule. The interests of these witnesses are protected by Rule 4011, which bars discovery that would cause unreasonable burden or expense, and Rule 4012 which permits a court to *247 make any order which justice requires to protect a person from unreasonable burden or expense.
Finally, Pa.R.C.P. 234.4(b) permits a court, in response to a motion to quash a subpoena, to make an order to protect a party or witness from unreasonable burden or expense. If Dr. Newman were to file a motion to quash the subpoena, we would very likely require payment of his reasonable witness fee pursuant to Rule 234.4(b) before requiring his appearance.
II
Through its motion in limine, defendant seeks a court order prohibiting plaintiff from offering the report of Dr. Newman and the billing statement of Newman Chiropractic Center unless plaintiff pays the expert witness fee that Dr. Newman requests before he will appear at the arbitration hearing.
Rule 1305(b) governs the right of a party to offer documents in evidence in an arbitration proceeding without further proof. The relevant portions of this rule read as follows:
“(b) If at least 20 days’ written notice of the intention to offer the following documents in evidence was given to every other party accompanied by a copy of the document, a party may offer in evidence, without further proof,
“(1) bills, records and reports of hospitals, doctors, dentists, registered nurses, licensed practical nurses and physical therapists, or other licensed health care providers.
“Any other party may subpoena the person whose testimony is waived by this rule to appear at the hearing and any adverse party may *248 cross-examine him as to the document as if he were a witness for the party offering the document.”
The following provisions of the Explanatory Note — 1981 to Rule 1305 are also relevant:
“If the party receiving such copies wishes to cross-examine the person who prepared the document, he must subpoena that person to appear at the hearing.
“The foregoing provisions of subdivisions (b) and (c) apply, of course, only to documents which are prepared by a person who is within the subpoena power of the court in which the action is pending. The special relaxation of the rules of evidence is conditioned on the power of the opponent to subpoena the person whose testimony is waived; if that is not possible, for territorial or other reasons, the foundation for the special rule disappears, and the proponent must follow the normal rules of evidence.”
Defendant contends that this rule, as construed by the Explanatory Note, allows the documents to be introduced only if the person who prepared the report will appear at trial when served with a subpoena. Since Dr. Newman is refusing to appear, the foundation for this rule has disappeared. Thus, plaintiff must follow the normal rules of evidence.
Defendant’s argument is without merit. Dr. Newman is both within the subpoena power of the court and has been served with a subpoena. Furthermore, he is not refusing to appear. He is simply requesting payment of the expert fees provided for by the legislation governing the compensation of witnesses as a condition for his appearance. Consequently, even if we were to construe Rule 1305(b) to bar the introduction of documents simply because the wit *249 ness who prepared the documents refused to honor the subpoena, defendant’s motion should not be granted.5
Defendant also contends that it is the responsibility of the party who wishes to introduce the documents to make available the person whose testimony is waived by Rule 1305(b) if another party wants that person available for cross-examination. We disagree. The final paragraph of Rule 1305(b) provides that “[a]ny other party may subpoena the person whose testimony is waived.” The Explanatory Note to Rule 1305 also specifically states that the party that wishes to cross-examine the person who prepared the documents “must subpoena that person to appear at the hearing.” A party subpoenas a witness to appear by complying with the statutory requirements governing the compensation and expenses of witnesses. See 42 Pa.C.S. §5903.
Also, defendant’s contention, that the burden of paying the expert witness’s fee for a medical witness should rest on the party offering the medical report, would defeat the purpose of Rule 1305. Subdivision (b) relaxes the rules of evidence for a medical witness to reduce the litigation expenses of the party who seeks to introduce this evidence. Particularly in small claims, a party with the burden of proof may accept a settlement which does not fully compensate that party to avoid paying litigation expenses that would be a substantial percentage of the anticipated award. Rule 1305(b) is designed to eliminate this bargaining tool by significantly reducing the costs of litigation. This rule would be undermined if a party *250 could prevent another party from introducing its medical proof through records simply by serving a subpoena on the medical witness that prepared the records.
For these reasons, we enter the following
ORDER OF COURT
On July 31, 1990, it is hereby ordered that:
(1) upon consideration of defendant’s petition to enforce subpoena, it is hereby ordered that Gerald Newman, D.C., is compelled to attend the arbitration hearing scheduled in this case upon receipt of a witness fee of $750 which shall be paid by defendant;
(2) upon consideration of defendant’s motion in limine, it is hereby ordered that this motion is denied;
(3) the various motions for counsel fees are denied; and
(4) the arbitration hearing in this proceeding is scheduled for October 18, 1990, at 9 a.m.

. The subpoena provisions of Pennsylvania law apply to compulsory arbitration proceedings. 42 Pa.C.S. §7309.

. We note that this case does not involve a claim on the part of Dr. Newman that he cannot be compelled to give testimony. He claims only that he is entitled to his reasonable witness fee as a condition for his court appearance. Also, this is not a case in which the witness is a party to the action. While Dr. Newman is interested in the outcome of the case because his Chiropractic Center is more likely to receive payment for his services if plaintiff is successful, plaintiff is obligated to pay this bill regardless of the outcome of the case.

. Defendant does not challenge the reasonableness of Dr. Newman’s fee of $750 for a court appearance.

. We found no appellate court case law that governs this issue. See case law cited at section 54:118 (Fees of expert witness) of 9 Standard Pennsylvania Practice 2d. Defendant’s reliance on Cohen v. Continental Casualty Co., 89 Pa. Super. 367 (1926) is misplaced. In that case the witness, a physician served with a subpoena to testify, was not permitted to recover a fee as a witness because of his failure to allege or to show that he was summoned to testify as an expert.

. We emphasize that we do not necessarily construe Rule 1305(b) in this fashion. This issue is not before the court in the present case because of Dr. Newman’s willingness to appear upon payment of the fees provided for by 42 Pa.C.S. §5903.