## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen Caudle et al.

v.

Samuel I. White, P.C.

June 24, 2004

Case No. (Law) No. 213297

BY JUDGE ARTHUR B. VIEREGG, JR.

This matter was before me on June 18, 2004, on Ted W. Hussar, Esquire's motion to quash subpoena and award sanctions. After hearing argument, I granted Mr. Hussar's motion to quash the subpoena and took the issue of sanctions under advisement. After further review of the record, I am prepared to furnish my decision to the parties.

### I. *Facts*

The underlying cause of action arises out of a foreclosure sale of Plaintiffs Stephen and Karen Caudle's real estate on December 7, 2001. The Caudles retained Defendant Samuel I. White, P.C., to assist in conducting the foreclosure sale and appointed Samuel I. White, P.C., as substitute trustee for the deed of trust.[1] Financial Business Aid, Inc., was the holder of the April 24, 2000, note securing payment on the deed of trust in the amount of $43,000. Due to various alleged problems with the first foreclosure sale, a number of transactions occurred attempting to remedy the initial foreclosure. The Caudles' instant motion for judgment alleges malpractice and breach of fiduciary duty against Samuel I. White, P.C., and W. Adam White.

On October 13, 2003, the parties entered into a consent order agreeing to remove the instant action from the Court's active docket as settled depending

---

[1] The note and a deed of trust for the real estate were signed on April 24, 2000, by Victor Cruz and Marlene Cardozo for the benefit of the Caudles. Cruz and Cardozo never made any payments under the note, and therefore it went into default.

on the outcome of a quiet title action regarding the same property pending on the Chancery docket, Chancery No. 184721. On January 8, 2004, the Caudles moved to reinstate the law action asserting Samuel I. White, P.C.'s putative failure to prosecute the suit in equity. By order of January 30, 2004, the instant action was reinstated on the active docket. The quiet title action is set for trial today, June 24, 2004.

Financial Business Aid, Inc. (FBA) is named as a party defendant to the quiet title action pending on this Court's Chancery docket. In April 2001, the Caudles filed suit in federal court against, *inter alia,* FBA alleging fraud and other claims. Mr. Ted W. Hussar is counsel for FBA. On April 28, 2004, Mr. Michael A. Mays, counsel for the Caudles, issued a subpoena for Mr. Hussar commanding him to appear at the offices of Mr. Mays on June 4, 2004, to provide testimony regarding the underlying law action. On May 5, 2004, Mr. Hussar received a letter from Mr. Thomas C. Wilcox, co-counsel for the Caudles, detailing the information to be sought during Hussar's deposition. Mr. Wilcox indicated in his letter that the Caudles had experienced difficulty retaining an expert on the issue of the standard of care owed by Samuel I. White, P.C., to the Caudles in undertaking the foreclosure. The letter also indicated that Mr. Hussar would be requested to opine as to whether various actions taken by Samuel I. White, P.C., breached that standard of care.

On May 14, 2004, Mr. Hussar sent a letter to Mr. Wilcox setting forth twelve explicit reasons why Mr. Hussar was unwilling to appear for the deposition and provide witness testimony. He requested that the subpoena be withdrawn. It was not withdrawn, and Mr. Hussar filed his motion to quash and award sanctions.

## II. *Decision on Sanctions*

Mr. Hussar seeks an award of his fees as sanctions against Plaintiffs' counsel, Mr. Wilcox and Mr. Mays. Prior to filing his motion to quash, Mr. Hussar notified counsel of several specific reasons why he was not willing to provide the expert testimony sought by counsel. Among the reasons provided, Mr. Hussar asserted that he has a conflict of interest because he represents FBA, who had interests antagonistic to the Caudles in earlier litigation, as well being a party-defendant to the quiet title action pending in Chancery. Mr. Hussar also maintained that he had not been retained by the Caudles, nor approached regarding payment for his services. Moreover, Mr. Hussar indicated that he lacks knowledge of the standard of care for which he was

sought to opine. Nevertheless, Plaintiffs' counsel persisted in seeking Mr. Hussar's testimony.

At argument, Plaintiffs' counsel contended that Federal Rule of Civil Procedure 45 and the decision in *Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co. of Pa.*, 148 F.R.D. 552 (S.D. W. Va. 1993), permit a party to seek expert opinion testimony from a nonparty witness. Mr. Wilcox maintains that the Caudles diligently sought to retain other Virginia real estate attorneys to testify as to the relevant standard of care associated with foreclosure sales, but that they have been unsuccessful. They also argue that Mr. Hussar has a peculiar expertise not otherwise available because of his knowledge of the facts underlying the events at issue.

Counsel's first argument regarding the inability to obtain another Virginia real estate attorney is unpersuasive. A perusal of the Northern Virginia Legal Directory indicates that other Virginia real estate attorneys, aside from the five referenced by Mr. Wilcox in his May 5, 2004, letter might be available for retention by the Caudles to provide expert testimony. The second argument that Mr. Hussar is uniquely situated because of his knowledge regarding the events of the case is also flawed because his knowledge arises directly from his representation of FBA, who purportedly does not consent to Mr. Hussar testifying for the Caudles, and may have interests directly in conflict with those of the Caudles.

Moreover, the Virginia Supreme Court approvingly cited language from a Supreme Court of Pennsylvania decision indicating that:

The process of the courts may always be invoked to require witnesses to appear and testify to any facts within their knowledge; but no private litigant has the right to ask them to go beyond that. ... The private litigant has no more right to compel a citizen to give up the product of his brain than he has to compel the giving up of material things. In each case it is a matter of bargain, which, as ever, it takes two to make, and to make unrestrained.

*Cooper v. Norfolk Redevel. & Housing Auth.*, 197 Va. 653, 656-57, 90 S.E.2d 788 (1956) (quoting *Pennsylvania Co. v. City of Philadelphia*, 262 Pa. 439, 105 A. 630 (1918)).[3] Here, there was no agreement between the Caudles and Mr. Hussar that he would provide expert opinion on the standard of care, and as his May 14, 2004, letter indicated, the Caudles had not offered compensation for rendering such opinions.

---

[3] In *Cooper*, the Court held that an expert retained by the Authority could be compelled to testify by the property owners because the expert conducted his appraisal pursuant to an agreement between the parties. *Cooper*, 197 Va. at 658. The Court specifically pointed out, however, that the question of compensation had not been raised and the expert did not object to testifying on that ground.

In absence of a lawful basis, counsel for the Caudles insisted that Mr. Hussar provide the expert testimony and contested the motion to quash. I find that this conduct violates Virginia Code § 8.01-271.1, and therefore sanctions against Mr. Wilcox and Mr. Mays are appropriate.

## III. *Conclusion*

In light of my finding that sanctions are warranted on this issue, Mr. Hussar is awarded a total of $2,000.00 against Mr. Wilcox and Mr. Mays. The $2,000.00 amount constitutes Mr. Hussar's rate of $250.00 per hour for a total of eight hours expended in pursuing his motion to quash, as verified in Mr. Hussar's June 18, 2004, affidavit. Plaintiffs' counsel are directed to pay Mr. Hussar this amount within ten days from the date of the order that incorporates my ruling herein.