**PENN NATIONAL INSURANCE CO.,**
a/s/o Elam. G. Stoltzfus, Jr., Inc.,
Plaintiff,

v.

**HNI CORPORATION and Hearth & Home** Technologies, Inc., t/d/b/a Fireside Hearth & Home, Defendants.

**Travelers Property Casualty Company** of America a/s/o Doneckers, Inc., Plaintiff,

v.

**Hearth & Home Technologies, Inc.,** d/b/a Fireside Hearth & Home, et al., Defendants.

Nos. 1:05–cv–2096, 4:06–cv–0747.

United States District Court, M.D. Pennsylvania.

Sept. 11, 2007.

Christopher P. Deegan, Weber, Gallagher, Simpson, Stapleton, Fires & Newby, LLP, Pittsburgh, PA, Lambros Z. Economides, Kokonos & Economides, Media, PA, for Penn National Insurance Co.

Patrick J. Moran, Francis R. Gartner & Associates, Blue Bell, PA, for Travelers Property Casualty Company of America.

Lynanne B. Wescott, The Wescott Law Firm P.C., Philadelphia, PA, William N. Coggins, Coggins, Harman & Hewitt, Silver Spring, MD, for HNI Corporation, Hearth & Home Technologies, Inc.

John Flounlacker, Scott D. McCarroll, Thomas, Thomas & Hafer, Harrisburg, PA, for Howard Haldeman.

## MEMORANDUM AND ORDER

JONES, District Judge.

Before the Court is the motion in limine (Doc. 177) of Defendant Howard Haldeman ("Haldeman") seeking to preclude Defendant Hearth & Home Technologies, Inc. ("Hearth & Home") from calling as witnesses at the trial of this matter, or entering into evidence the reports of, certain experts retained by Plaintiffs Penn National Insurance Co. ("Penn National") and Travelers Property Casualty Company of America ("Travelers"). For the reasons set forth below, Haldeman's motion in limine shall be denied.

## I. BACKGROUND

Some relevant factual background and procedural history is necessary, although the parties' knowledge of all the filings in this case is assumed.

### A. The Parties' Claims

These consolidated actions arise out of an October 1, 2004 fire in a model home located in Mechanicsburg, PA and owned by Elam G. Stoltzfus, Jr., Inc., The fire resulted in the substantial destruction of the house and its contents. Plaintiff Penn National insured Stoltzfus, while Plaintiff Travelers insured Doneckers, Inc., the company that provided furniture for the model home which was destroyed in the fire.

Penn National, as subrogee of Stoltzfus, brought negligence and breach of contract claims against Hearth & Home, alleging that Hearth & Home's improper installation and assembly of a fireplace caused the fire. Hearth & Home counterclaimed, alleging that it subcontracted with Haldeman to install the fireplace, that Haldeman was required as a condition of the subcontract to indemnify Hearth & Home, and that Haldeman's insurer (which is also Penn National) must provide Hearth & Home coverage and a defense to such claims. Hearth & Home also filed a third party complaint and counterclaims against Haldeman for contribution, indemnification, and breach of contract.

Travelers, as subrogee of Doneckers, brought negligence claims against both Hearth & Home and Haldeman. In turn, Hearth & Home and Haldeman cross-claimed against each other for contribution and indemnification. By an order of August 16, 2006, the Travelers case was consolidated with the Penn National case. (Doc. 40.)

Penn National's breach of contract claims against Hearth & Home and Hearth & Home's counterclaims were resolved by summary judgment in Penn National's favor.

(*See* Doc. 137.) Penn National's and Traveler's damages claims will be resolved by bench trial. (*See* Doc. 175.) Thus, the only claims still set for trial are Hearth & Home's and Haldeman's claims against each other.

### B. The Parties' Experts

Each of the parties designated experts on the cause and origin of the fire. Penn National designated Gerald J. Kufta, C.F.E.I., C.F.I. of Kufta Associates, Ltd., 4070 West Market Street, York, Pennsylvania as an expert, and submitted Mr. Kufta's report. (Doc. 44.) Penn National has indicated, however, that it does not intend to call Mr. Kufta as a witness. (*See* Doc. 186, ¶ 2.) Travelers designated and submitted the reports of its Fire Investigator, John J. Bethel, C.F.E.I., C.F.I.I. (Doc. 45) and Gary L. Popolizio, P.E. of GLP Construction Management, Inc., Montgomeryville, Pennsylvania (Doc. 46). Travelers has indicated that, if Travelers does not call them, Mr. Bethel and Mr. Popolizio would prefer to not testify at trial. (*See* Doc. 185 at 2.) Haldeman designated Edward Carey, E.A. of Carey Heating & Air Conditioning, Shavertown, Pennsylvania as an expert, and submitted Mr. Carey's report. (Doc. 50.)

Hearth & Home retained Keith W. Flohr, Senior Chemist/Material Scientist of EFI Global, Chantilly, Virginia. (*See* Doc. 178 at 1–2.) Hearth & Home intended to designate Mr. Flohr as an expert and submit his report, however, Mr. Flohr suffered a serious and debilitating stroke. (*Id.*) Hearth & Home, therefore, preliminarily designated Mr. Flohr, but reserved the right to designate his colleague Jeffrey K. Lowe, C.F.E.I., C.F.I. of EFI Global, Fall River, Massachusetts and to present the report and testimony of Mr. Lowe, should Mr. Flohr be unable to complete his report and testify. (*Id.*) Hearth & Home also reserved the right to present "adverse opinion evidence from any expert identified by the Plaintiff or any other party to this action." (*Id.* at 3.) Hearth & Home has submitted no report from Mr. Flohr or Mr. Lowe. Instead, Hearth & Home's trial exhibit list (Doc. 159) contains the expert reports of Mr. Kufta, Mr. Bethel, and Mr. Popolizio, and Hearth & Home has indicated that it intends to call these individuals as witnesses at trial.

### C. The Pending Motion in Limine

Haldeman's motion in limine seeks to preclude Hearth & Home from calling Mr. Kufta, Mr. Bethel, and Mr. Popolizio as witnesses if Penn National and Travelers—the parties that retained these experts—do not call them to testify at trial. The present motion in limine ostensibly began as a motion by Travelers to enforce a settlement agreement purportedly reached with Haldeman. (Doc. 155.) Travelers and Haldeman allegedly had agreed on an amount to settle Travelers' claim, but Haldeman requested time to research whether Travelers' expert, Mr. Popolizio, could be used by Hearth & Home. (*See* Docs. 155–158.) After conducting this research, Haldeman informed Travelers that it would not agree to the settlement. (*Id.*)

At the August 1, 2007 pre-trial conference in this action, the Court indicated its view that no settlement had been reached between Travelers and Haldeman, and that the motion was, in reality, a motion in limine to preclude Hearth & Home from calling Travelers' or Penn National's experts at trial. (Doc. 181.) The Court allowed all the parties the opportunity to present written memoranda on the issue (Doc. 183), and having heard from all the parties (*see* Docs. 177, 182, 185, 186), the issue is ripe for the Court's decision.

Haldeman argues that, under the Pennsylvania Supreme Court case of *Pennsylvania Co. for Insurances on Lives & Granting Annuities v. Philadelphia*, 262 Pa. 439, 105 A. 630 (1918), a party cannot compel an another party's unwilling expert witness to testify at trial. (*See* Doc. 177 at 3–4.) Travelers and Penn National second Haldeman's position. (*See* Docs. 185, 186.) Travelers notes that, although not controlling, such Pennsylvania law is instructive. (Doc. 185 at 3 n. 1.) Although unable to find controlling precedent directly on point, Travelers also cites to dicta in two federal cases, *Boynton v. R.J. Reynolds Tobacco Co.*, 36 F.Supp. 593 (D.Mass.1941) and *Verizon Directories Corp. v. Yellow Book USA, Inc.*, 331 F.Supp.2d 134 (E.D.N.Y.2004), which Travelers claims sup-

port the proposition that an expert may not be compelled to testify for a party that did not retain him. (Doc. 185 at 3–4.) Penn National adopts Travelers' legal arguments, and further argues that Hearth & Home should be prevented from benefitting from other parties' expenses and efforts in an attempt to circumvent its poor strategic decision to not submit any expert reports on the cause and origin of the fire. (Doc. 186 at 5–6.)

Hearth & Home opposes the motion, arguing that the other parties will suffer no prejudice, as it has long been clear that Hearth & Home intended to call their experts at trial. (Doc. 182 at 4.) Hearth & Home states that its questioning of the other parties' experts will be limited to the four corners of their reports and offers to reimburse the expenses of testifying. (*Id.* at 7, 8–9.) In support of its opposition, Hearth & Home relies on the case of *Fitzpatrick v. Holiday Inns, Inc.*, 507 F.Supp. 979 (E.D.Pa.1981), in which the court allowed a personal injury plaintiff to call the defendant's expert doctor to testify to the contents of his report, provided that the plaintiff pay the doctor's customary fee.

## II. DISCUSSION

The motion under consideration presents what one court has described as "the vexing and surprisingly little explored question of whether one party should be able to . . . call at trial an expert designated by an opposing party as expected to be called at trial, but whom the designating party has announced it will not call at trial." *House v. Combined Ins. Co.*, 168 F.R.D. 236, 238 (N.D.Iowa 1996). Like the parties, the Court has been unable to locate controlling precedent on this issue. Nonetheless, when applied to the somewhat unique facts of this case, the relevant persuasive caselaw militates against granting Haldeman's motion in limine.

### A. Pennsylvania Law

Haldeman, Travelers, and Penn National all point to the case of *Pennsylvania Co. for Insurances on Lives & Granting Annuities v. Philadelphia*, 262 Pa. 439, 105 A. 630 (1918) for the proposition that a party cannot compel another party's unwilling expert witness to testify at trial. In that case, the Pennsylvania Supreme Court stated that a court may always require a witness to appear and testify to facts within his knowledge, but that "the private litigant has no more right to compel a citizen to give up the product of his brain than he has to compel the giving up of material things." *Id.*

█ The Court has already held, however, that the issue presented by the pending motion is decidedly procedural, not substantive (Doc. 183 at 3–4), and therefore, is controlled by federal, not state, law. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228–29 (3d Cir.2005). Under the circumstances of this case, the Court finds more persuasive the federal rules and cases applicable to this issue.

### B. Federal Law

#### 1. Federal Rule of Civil Procedure 26

█ Although addressing discovery, not trial testimony, Federal Rule of Civil Procedure 26 is instructive here. Under Rule 26(b)(2), a party must designate experts who may be used at trial and submit written reports prepared by such experts. The experts at issue—Mr. Kufta, Mr. Bethel, and Mr. Popolizio—have been so designated and their expert reports have been submitted.

Once an expert is designated and his report submitted pursuant to Rule 26(b)(2), another party may depose the expert pursuant to Rule 26(b)(4)(A). This deposition testimony may then be admissible at trial should the expert become unavailable or as the basis for impeachment. By contrast, under Rule 26(b)(4)(B), an expert not so designated may only be deposed upon a showing of "exceptional circumstances." The practical effect of a Rule 26(b)(2) designation is thus to bring an expert and his report within the universe of material that is discoverable by all parties and, generally, admissible at trial. By designating Mr. Kufta, Mr. Bethel, and Mr. Popolizio as experts pursuant to Rule 26(b)(2) and allowing discovery of their expert reports without objection, Penn National and Travelers waived the protection of Rule 26(b)(4)(B) and subjected these experts' opinions to the scrutiny of trial. *See, e.g.,*

*Agron v. Trustees of Columbia Univ.,* 176 F.R.D. 445, 449–50 (S.D.N.Y.1997); *House,* 168 F.R.D. at 245. Therefore, Hearth & Home may call these experts to testify at trial.

This conclusion is further buttressed by the facts of this case. Although Hearth & Home's decision to not submit an expert report on the cause and origin of the fire is, in retrospect, a poor one, Haldeman faces no undue prejudice should Hearth & Home be allowed to call the insurers' experts. In its original expert designations of June 15, 2006, Hearth & Home placed Haldeman on notice that it may present evidence from other parties' experts (*see* Doc. 178 at 3), and Hearth & Home's witness list evidences that it intends to call Mr. Kufta, Mr. Bethel, and Mr. Popolizio (*see* Doc. 159). Haldeman has had the same access to the reports of Mr. Kufta, Mr. Bethel, and Mr. Popolizio as Hearth & Home, and the experts' testimony at trial shall be limited to the contents of those reports. Haldeman has had the same opportunity as Hearth & Home to conduct discovery regarding the opinions of Mr. Kufta, Mr. Bethel, and Mr. Popolizio. Haldeman will also, of course, have the opportunity to cross-examine these witnesses at trial. Finally, Haldeman's position is weakened by the fact that he did not retain the experts at issue. There exists no relationship between Haldeman and the experts (contractual or otherwise) that is threatened by Hearth & Home's calling the experts to testify.

Nor will Penn National and Travelers face any no undue prejudice should Hearth & Home call these experts. Like Haldeman, the insurers have similarly long been on notice of Hearth & Home's intent to have these witnesses testify. As the designating parties, Penn National and Travelers have enjoyed unfettered access to their experts. Further, Penn National and Travelers will bear no trial expense for the experts, as Hearth & Home has offered to compensate the experts for their testimony and will be ordered to do so. Finally, because Penn National's and Travelers' claims will essentially be resolved by bench trial prior to any of these experts testifying at the trial on Hearth & Home's and Haldeman's claims, the insurers will face little disadvantage from such testimony.

The cases cited by Haldeman and the insurers, which suggest some type of privilege for experts or a proprietary right to experts' opinions, do not alter this conclusion, and in the Court's opinion, do not reflect the weight of federal authority on this issue. *See Verizon,* 331 F.Supp.2d at 135 (stating "an expert has, in general a right not to be forced to testify with respect to his expert knowledge ..."); *Boynton,* 36 F.Supp. at 595 (D.Mass. 1941) (stating "[i]t is [an expert's] privilege, if not his duty, to refuse compensation from one of the parties when he has already accepted employment from the other ..."). Federal law has rejected the notion that experts are privileged from compulsory testimony or that a party "owns" the opinions of its expert. *See, e.g., Kaufman v. Edelstein,* 539 F.2d 811, 818 (2d Cir.1976) (Friendly, J.) ("Although the framers of the [Federal Rules of Evidence] must have been well aware of the frequently made contention that experts enjoy some kind of privilege, neither this chapter [Rules 701–706] nor the proposed rules on privilege which the framers proposed but Congress rejected contain any suggestion that an expert enjoys either an absolute or a qualified privilege against being called by a party against his will."); *Kerns v. Pro–Foam of So. Ala., Inc.,* 2007 WL 2274730 at *6 (S.D.Ala. Aug.7, 2007) ("Courts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial...."); *Doe v. Eli Lilly & Co.,* 99 F.R.D. 126, 128 (D.D.C. 1983) ("[N]o party to litigation has anything resembling a proprietary right to any witness's evidence."). Penn National's and Traveler's experts are not protected from testifying by any privilege or proprietary interest. Hearth & Home may call Mr. Kufta, Mr. Bethel, and Mr. Popolizio as witnesses at trial, under the conditions set forth below.

To be clear, this Order permits Hearth & Home to call Mr. Kufta, Mr. Bethel, and Mr. Popolizio at trial; to attempt to contact these witnesses in preparation for trial; and to

come to an agreement on the witnesses' compensation for testifying. This Order does not—and the Court cannot—require Mr. Kufta, Mr. Bethel, and Mr. Popolizio to prepare for trial, to conduct new investigations, or to render any new reports or opinions. *See Carter–Wallace, Inc. v. Otte,* 474 F.2d 529, 536 (2d Cir.1973) (Friendly, J.). At trial, Hearth & Home may merely question these experts about the opinions they have previously formed and embodied in their reports. There has been some suggestion that the experts at issue would prefer not to testify at all if not called by their retaining party. (*See* Doc. 185 at 2.) Should Mr. Kufta, Mr. Bethel, or Mr. Popolizio refuse to appear at trial, Hearth & Home may seek subpoenas commanding their attendance. *See Kaufman,* 539 F.2d at 822. The Court, however, strongly questions the utility of such an exercise, both to Hearth & Home and the fact-finding process.

**NOW, THEREFORE, IT IS HEREBY ORDER THAT:**

1. Haldeman's Motion in Limine (Doc. 177) is DENIED, in that Hearth & Home may call as witnesses at trial and enter into evidence the expert reports of Gerald J. Kufta, John J. Bethel, and Gary L. Popolizio, regardless of whether another party calls these individuals as witnesses;

2. Should Hearth & Home call Mr. Kufta, Mr. Bethel, or Mr. Popolizio to testify at trial, the testimony of Mr. Kufta, Mr. Bethel, and Mr. Popolizio shall be limited to the contents of their expert reports; and

3. Should Hearth & Home call Mr. Kufta, Mr. Bethel, or Mr. Popolizio to testify at trial, Hearth & Home shall compensate Mr. Kufta, Mr. Bethel, and Mr. Popolizio at their usual and customary rate for such testimony.